GULOTTA, Judge.
This is an appeal from a dismissal of a claim for damages for personal injuries sustained by plaintiff as a result of a fall on a Westside Transit Lines bus.
The facts are that on March 3, 1970, at about 10:30 or 11:00 a. m., plaintiff fell to the floor as she was boarding the defendant’s bus at River Oaks Drive and General Meyer streets in New Orleans.
Plaintiff’s version is that she fell while on the steps of the bus as a result of the quick forward motion of the bus. Defendant’s version is that while plaintiff was boarding the bus with arms full of grocery packages, she fell on the second step. He insists the bus was not moving at the time. There was no evidence of any foreign substance on or defect of the floor or steps of the bus.
The matter before us turns on the question of credibility. The' trial judge in his reasons for judgment stated that while the petition alleges an accident occurred on March 3, 1970, plaintiff’s testimony related to an accident which occurred sometime before Valentine’s Day in February. He concluded plaintiff was referring to the occurrence of an accident on a day in February other than March 3 or that she “was lying”. However, assuming, according to the trial judge, the accident happened on March 3, he was not convinced the accident resulted from the bus driver’s negligence. In written reasons, he further stated:
“Even if we accept counsel’s contention that plaintiff was merely confused as to dates and accept plaintiff’s version of how the accident occurred then she is again not telling the truth when she states that the bus moved prior to her falling. She has testified that she fell prior to actually reaching the second step on the bus and that directly behind her was a ‘man, a lady and a baby’. Obviously, if plaintiff had not reached the second step — or even if she had reached that step — then if the bus had started without closing the door (which it could not close as long as someone was on it) then the ‘man, lady and baby’ would have been thrown from the bus.”
The trial judge simply did not place any credence in plaintiff’s testimony. The record amply supports those conclusions and contains other contradictions in plaintiff’s testimony. ' For example, her recorded statement made shortly after the accident that the bus driver assisted her after she fell is contradicted by her testimony at the trial that the driver continued to remain seated and did not offer any assistance. These obvious irreconcilable discrepancies are fatal to plaintiff’s claim.
The cases are legion that on questions of credibility and veracity of witnesses great weight must be given to the findings of the trial judge. We find no error in his conclusions.
It is also well settled in our jurisprudence that a common carrier of passengers owes the highest degree of care to .a fare-paying customer; and when a passenger is injured, the burden is on the carrier to show it was free from negligence. It is not, however, the insurer of the passenger’s safety. Schenker v. Randle, 209 So. 2d 327 (La.App. 4th Cir. 1968); Walker v. New Orleans Public Service, Inc., 245 So.2d 763 (La.App. 4th Cir. 1971). In the instant matter, the record shows no breach of that care required of Westside.
However, plaintiff argues there were four passengers on the bus when the accident occurred but none were produced by the defendant at the trial. This, she asserts, raises the presumption that the passengers’ testimony would have been harm *571 ful and prejudicial to the defendants’ case. We find no merit in this contention. There is no indication in the record that defendants even knew the identity of these four persons. Moreover, the presumption is applicable to the plaintiff as well as to the defendant. Plaintiff could have called the four witnesses as could the defendant.[1]
Accordingly, the judgment is affirmed.
Affirmed.

. Manning v. Morrison Cafeterias Consolidated, Inc., 160 So.2d 818 (La.App. 4th Cir. 1964); Martin v. Lehmann, 147 So. 2d 243 at page 246 (La.App. 4th Cir. 1962).