432 So.2d 1125 (1983)
Linda F. FORTENBERRY, Plaintiff-Appellee,
v.
Richard L. FORTENBERRY, Defendant-Appellant.
No. 82-841.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*1126 L. Donald Foreman, Lake Charles, for plaintiff-appellee.
Kimball, McLeod & Dow, Robert L. Dow, Lake Charles, for defendant-appellant.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
This appeal involves the provisional custody of a four year old child, Karl Lee Fortenberry. Richard L. Fortenberry, defendant-appellant, filed a rule to have the provisional custody of Karl transferred to him. The trial court, after hearing the evidence, maintained provisional custody of Karl with Linda F. Fortenberry, plaintiff-appellee. Richard appeals. We affirm. We find that the trial court did not abuse its discretion in maintaining provisional custody of Karl with Linda.
The issues on appeal are as follows:
(1) Whether or not the trial court erred in limiting the number of witnesses.
(2) Whether or not the decision of the trial court serves the best interest of the child.
(3) Whether or not the trial court erred in not totally accepting the opinion of an expert.
(4) Whether or not the trial court erred in not applying a presumption against Linda for the failure to call as an expert witness, Dr. Kenneth Bouillion.
On January 24, 1976, Linda and Richard were married in Lake Charles, Louisiana. On September 26, 1978, the couple's only child, Karl, was born. On January 14, 1982, Linda filed a suit for separation alleging mental cruelty on the part of Richard wherein she obtained an ex parte order for the provisional custody of Karl. On February 10, 1982, after stipulation by the parties, a Judgment on Rule was signed, granting the provisional custody of Karl to Linda, subject to specific visitation rights in favor of Richard.
During the early part of March, 1982, Linda gave up her nursing studies at McNeese State University and moved to Lafayette, Louisiana to work for a bank, taking Karl with her.
Linda, on June 23, 1982, filed a rule for certain injunctive relief against Richard, and she also requested that the court modify the visitation rights previously awarded by the court on February 10, 1982, due to *1127 her relocation. This rule was fixed for hearing on July 8, 1982.
On July 2, 1982, Richard filed a supplemental and amending reconventional demand seeking a divorce based on the grounds of adultery. Richard also had a rule issued to change the provisional custody of Karl. This rule was made returnable at the same time as Linda's rule to modify visitation rights.
The rules were finally heard on October 21, 1982. The trial court, after hearing the evidence, maintained provisional custody of Karl with Linda and further maintained the visitation rights in favor of Richard as set down in the February 10, 1982, judgment.
Richard argues that the trial court could not render a "considered opinion" in arriving at the proper custodial parent when the court has not heard all of the testimonial evidence.
Richard appeared at trial with ten (10) witnesses but the court allowed him to have one witness other than his expert to testify in the presentation of his evidence. Linda was likewise limited to one expert and one lay witness. The following excerpt shows that the trial judge's intention was to avoid repetitious and lengthy recital by several witnesses on the same set of facts:
"Well, of course, I'm not going to start counting things that short. Like I said, get a typical witness. Then if you have another one that you want to use to bolster and we are going to have one of two questions ... the whole idea I want to put forward is I'm not going to get a whole bunch of witnesses testifying one after the other to the same set of circumstances."
The trial judge has "much discretion" in allowing the introduction of evidence. Tauzier v. Tauzier, 405 So.2d 1309 (La.App. 4th Cir.1981). A review of the record reveals that the trial court heard the full testimony of both parties; the testimony of Richard's expert, Dr. Charles Cox; and supporting testimony of two "disinterested witnesses". In addition the trial judge permitted the parties to submit statements as to what other information they desired to introduce.
A complete reading of the record clearly shows that the trial court had access to all of the pertinent facts. We conclude that the trial court was within its discretion when it limited the introduction of evidence.
LSA-C.C. Art. 146 provides the applicable standard to follow in awarding provisional custody. LSA-C.C. Art. 146 reads, in pertinent part, as follows:
"A. If there are children of the marriage whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the husband or the wife in accordance with the best interest of the children, or, if both husband and wife agree to joint custody and the court deems it in the best interest of the children, the court may award joint custody. In all cases, the court shall inquire into the fitness of both the mother and father and shall award custody to such parent or to both parents, if they agree to joint custody, as the court finds will in all respects be in accordance with the best interest of the child or children. Such custody hearing may be held in private chambers of the judge...."[1]
Richard contends that the court held him to the double burden of proof rule, i.e. proving circumstances harmful to the physical and moral welfare of the child, as well as proving he could provide a better home than the mother.
We find nothing in the record to indicate that the trial court used any other standard than the "best interest" of the child. Our conclusion is supported by the following statement of the trial judge:
"The court's primary interest is to do what is best for the child, and I cannot conclude other than to feel that both parents have as their primary objective the welfare of the child."
*1128 In performing its function of deciding custody cases, the trial court is vested with a vast amount of discretion. On appellate review, great deference must be accorded to the decision of the trial court, not only because of that court's better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts. Bagents v. Bagents, 419 So.2d 460 (La. 1982).
Upon our review of the record, we find that Karl was provided by Linda with an excellent and stable living and educational environment, and that Linda was not unfit as a mother. Therefore, we conclude that the trial court did not abuse its discretion in finding that it was in the best interest of Karl to remain in Linda's custody.
Richard contends that the trial court erred in not accepting totally the expert opinion of Dr. Charles Cox, psychologist. Dr. Cox testified that in his opinion the custody of Karl should be awarded to the father.
The question of the weight to be given expert testimony is well settled in Louisiana as stated in Braxton v. Georgia-Pacific Corp., 419 So.2d 125 (La.App. 2nd Cir.1982):
"It is well settled that the trial judge is not bound by expert testimony. Such testimony is to be weighed by the court the same as any other evidence."
In view of the deference accorded to the trier of fact, and the appellate function, we conclude that the trial judge was within its discretion in not according full weight to Dr. Cox's opinion.
Richard further contends that the failure of Linda to call, as an expert witness, Dr. Bouillion, psychologist, resulted in a presumption that the production would have been unfavorable to her cause. Dr. Bouillion was treating Linda and Karl while they were in Lafayette, Louisiana.
The law states that where either party could have called the witness or where the witness is equally available to either the plaintiff or the defendant, no inference can be drawn from the failure of one to call such witness. Elder v. Westside Transit Lines, Inc., 271 So.2d 569 (La.App. 4th Cir.1973).
If Dr. Bouillion was available to Linda, he was equally available to Richard. In this case we find no reason to apply an adverse presumption because of Linda's failure to produce testimony by Dr. Bouillion.
For the foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant's costs.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 146 was amended effective January 1, 1983.