446 So.2d 923 (1984)
Frances Vandersypen LACHNEY, Plaintiff-Appellant,
v.
Gordon Wayne LACHNEY, Defendant-Appellee.
No. 83-305.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
Rehearing Denied April 3, 1984.
Writ Denied June 1, 1984.
*924 Davis & Saybe, Michael H. Davis, Alexandria, for plaintiff-appellant.
Robert L. Beck, Jr., and Phillip Carol, Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
GUIDRY, Judge.
In this suit, the plaintiff, Frances Vandersypen Lachney (now Herring), seeks a change in the custody of her minor daughter, Tammy Lachney. Tammy's father, Gordon Lachney, has had sole custody of the child, subject to visitation rights in favor of the mother, since February of 1980. The plaintiff seeks an order of joint custody pursuant to LSA-C.C. Art. 146, or in the alternative, an alteration of the visiting privileges previously awarded. The trial court refused to issue an order of joint custody. However, the court did make an adjustment in the visitation privileges in favor of the plaintiff. The plaintiff appeals, asserting that the trial court erred in failing to issue an order of joint custody.

FACTS
The parties to this suit were married in 1975, and judicially separated in 1978. In the March 27, 1978 judgment of separation, the custody of the minor, Tammy Lachney, was awarded to the plaintiff. On March 20, 1979, the Juvenile Court of Iberville Parish removed Tammy from the custody of her mother and awarded temporary custody to the father, the defendant herein. On December 4, 1979, the Juvenile Court ordered that custody be reinstated with the plaintiff. Thereafter, the defendant filed a rule in the Ninth Judicial District Court seeking a change in custody. By judgment dated February 15, 1980, the custody of the child was awarded to the defendant, Gordon Lachney. In the May 16, 1980 judgment of divorce, permanent custody of the child was continued in the defendant. The judgment granted the plaintiff visitation privileges on alternating weekends, alternating holidays, and for two weeks each summer.
In May of 1982, the plaintiff and her present husband, Jimmy T. Herring, moved from Louisiana to Myrtle Beach, South Carolina, where Herring is stationed with the United States Air Force. On January 5, 1983, the plaintiff filed the instant proceeding seeking an order of joint custody. The trial court refused to grant such a decree, but did extend the summer visitation privilege in favor of the plaintiff to a period of four weeks.
The record reflects that Tammy, who was seven years of age at the time this matter was tried, has resided in the home of her paternal grandparents for the great majority of her life. The testimony indicates that the home of the elder Lachneys was the primary residence of the plaintiff, the defendant and Tammy during the marriage. The defendant has continued to reside with his parents since the marital breakup. Tammy has lived continuously with her father in the home of her grandparents since February of 1980. The defendant's mother assists her son in insuring that Tammy is properly clothed, fed, and cared for.
The plaintiff, and the witnesses who appeared in her behalf, testified to the love which Tammy has for her mother, and to the desire and ability of the plaintiff to provide for all the needs of the child. The plaintiff's husband testified that he is willing and able to assist the plaintiff in caring for the child. In sum, the record shows that both parents are able to provide a healthy and loving environment for Tammy.

*925 JOINT CUSTODY
LSA-C.C. Art. 157 provides in pertinent part:
A. In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146.
LSA-C.C. Art. 146 provides:
A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded in the following order of preference, according to the best interest of the children:
(1) To both parents jointly. The court, shall, unless waived by the court for good cause shown, require the parents to submit a plan for implementation of the custody order, or the parents acting individually or in concert may submit a custody implementation plan to the court prior to issuance of a custody decree. Such plan may include such considerations as the following:
(a) Domiciliary arrangements for the child or children.
(b) Rights of access and communication between the respective parents and the child or children.
(c) Child support, if appropriate to the economic circumstances of the parents.
(d) Any other matter deemed in the best interest of the child or children.
(2) To either parent. In making an order for custody to either parent, the court shall consider, among other factors, which parent is more likely to allow the child or children frequent and continuing contact with the noncustodial parent, and shall not prefer a parent as custodian because of that parent's sex. The burden of proof that joint custody would not be in a child's best interest shall be upon the parent requesting sole custody.
(3) If to neither parent, to the person or persons in whose home the child has been living in a wholesome and stable environment.
(4) To any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment.
B. Before the court makes any order awarding custody to a person or persons other than a parent without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child. Allegations that parental custody would be detrimental to the child, other than a statement of that ultimate fact, shall not appear in the pleadings.
C. There shall be a rebuttable presumption that joint custody is in the best interest of a minor child unless:
(1) The parents have agreed to an award of custody to one parent or so agree in open court at a hearing for the purpose of determining the custody of a minor child of the marriage; or
(2) The court finds that joint custody would not be in the best interest of the child.
For the purpose of assisting the court in making a determination whether an award of joint custody is appropriate, the court may direct that an investigation be conducted.
D. For purposes of this Article, "joint custody" shall mean the parents shall share the physical custody of children of the marriage, subject to any plan of implementation effected pursuant to Paragraph A of this Article, and shall enjoy the natural cotutorship of such children in accordance with Article 250. Physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents. An award of joint custody obligates the parties to exchange information concerning the health, education, and welfare of the minor child; and, unless allocated, apportioned, or decreed, the parents or parties shall confer with *926 one another in the exercise of decision-making rights, responsibilities, and authority.
E. Any order for joint custody, or any plan of implementation effected pursuant to Paragraph A of this Article, may be modified or terminated upon the petition of one or both parents or on the court's own motion, if it is shown that the best interest of the child requires modification or termination of the order. The court shall state in its decision the reasons for modification or termination of the joint custody order if either parent opposes the modification or termination order.
F. Any order for the custody of a minor child of a marriage entered by a court in this state or in any other state, subject to jurisdictional requirements, may be modified at any time to an order of joint custody in accordance with the provisions of this Article.
G. A custody hearing may be held in private chambers of the judge.
H. Notwithstanding any other provision of law, access to records and information pertaining to a minor child, including but not limited to medical, dental, and school records, shall not be denied to a parent because the parent is not the child's custodial parent.
In support of her petition seeking joint custody, the plaintiff relies on the presumption of LSA-C.C. Art. 146(C), that joint custody is in the best interest of the child. However, as is stated in LSA-C.C. Art. 146(C)(2), this presumption is not applicable if the trial court finds that joint custody is not in the best interest of the child. In the instant case, the trial court found that a joint custody arrangement would not serve Tammy's best interest. The correctness of his factual finding in this regard is the sole issue on appeal.[1]
In child custody matters, the trial judge is afforded wide discretion in determining which arrangement will serve the best interest of the child. His determination will not be disturbed absent a manifest abuse of discretion. Fortenberry v. Fortenberry, 432 So.2d 1125 (La.App. 3rd Cir. 1983). In the instant case, we find no abuse of discretion in the trial court's conclusion that joint custody is not in the best interest of the child.
Although the legislature has determined that joint custody is the preferable arrangement, this presumption must give way to a different custody arrangement when the best interest of the child dictates such a result. In the joint custody envisioned by the legislative scheme, "physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents." LSA-C.C. Art. 146(D), supra. Under the circumstances of this case, this purpose cannot be accomplished. In order for the parties in this case to exercise frequent and continuing contact with the child in their respective homes, it would be necessary to shuttle Tammy between Louisiana and South Carolina in such a manner as would certainly be detrimental to her best interest.
The implementation plan for the joint custody order submitted by the plaintiff to the trial court would place Tammy in the custody of the plaintiff, in South Carolina, during the school year. The plan would have Tammy in Louisiana with her father during the summer vacation. This plan would effectively remove Tammy from the stable and loving environment to which she has grown accustomed. Due to the distance between the homes of her parents, she would lose contact with her present friends and schoolmates for roughly nine months out of each year.
In our view, the judgment of the trial court continuing the custody of Tammy in the defendant is in the child's best interest. Due to the stability of her present environment, and the infeasibility of a joint custody plan, we find no clear error in the trial court judgment.
*927 For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] The plaintiff does not seek sole custody in the event that joint custody is denied.