FRED W. JONES, Judge.
Charles Whitaker and Denise Whitaker were married in 1978 and divorced in 1983. Custody of their minor son was awarded to the mother, with the father granted visitation rights consisting of alternate weekends, alternate Thanksgiving/Christmas holidays, and two weeks in the summer.
In 1985 the father filed this rule for joint custody, asserting that such an arrangement would be in the best interest of his five year old son. After a hearing the trial court rejected the father’s request for joint custody, but increased his summer visitation privileges from two to four weeks.
The father has appealed the judgment on the rule, contending the trial judge erred in rejecting his demand for joint custody and in failing to further expand his visitation rights.
Louisiana Civil Code Article 157 provides that changes in child custody, after an original award, are to be made in accordance with La.C.C. Article 146. The latter article stipulates that custody awards shall always be predicated upon the best interest of the child. Further, it establishes an order of preference for custody awards, but states that there “shall be a rebuttable presumption that joint custody is in the best interest of a minor child.” Article 146(C).
The burden of proving that joint custody is not in the best interest of the child is upon the party seeking sole custody. Article 146(A)(2); Turner v. Turner, 455 So.2d 1374 (La.1984); Roberts v. Roberts, 460 So.2d 1151 (La.App. 2d Cir.1984). The presumption in favor of joint custody may be rebutted by a showing that an arrangement other than joint custody is in the child’s best interest. Consideration must be given to the eleven factors listed in Article 146(C)(2) and any other deemed relevant by the trial court. Turner, supra; Black v. Black, 460 So.2d 1175 (La.App. 2d Cir.1984).
Our review of the evidence presented at the hearing on this rule leads to the conclusion that the mother failed to rebut the presumption favoring joint custody. She had remarried and at the time of the hearing was expecting another child. Her opposition to joint custody was based generally upon her testimony that the child was involved in activities in the area where they lived and extensive visitation with his father would tend to interfere with those activities. She also doubted the possibility of an amicable agreement with the father over a joint custody plan.
The father, a truck driver, has also remarried. He works an average of 12 hours per day, five days a week, but is not gone from home overnight. He and the child’s mother live in adjoining parishes.
We note that cases denying joint custody are based upon specific and substantial reasons. For example: Lachney v. Lachney, 446 So.2d 923 (La.App. 3d Cir.1984) — great distance between residences of parents; Wiley v. Wiley, 459 So.2d 105 (La.App. 2d Cir.1984) — father had violent temper, abused mother and child; Turner, supra— parents had long history of animosity and *906 residences were in Louisiana and South Carolina.
Factors of that gravity were not shown to exist in this case. Therefore, in the absence of the mother (who sought sole custody) rebutting the presumption in favor of joint custody, we hold that the trial court erred in failing to make that award.
Where a joint custody award is made, Article 146A(1) provides that the trial court shall, unless waived by the court for good cause, “require the parents to submit a plan for implementation of the custody order, or the parents acting individually or in concert may submit a custody implementation plan to the court prior to issuance of a custody decree. A plan of implementation shall allocate the time periods each parent shall enjoy physical custody of the children and the legal authority, privileges and responsibilities of the parents.”
Remand is necessary for the trial court to comply with the cited law.
We would point out for the trial judge’s information our statement in Carroway v. Carroway, 441 So.2d 494, 496 (La.App. 2d Cir.1983).
“... joint custody means a physical sharing of the child in addition to both parents’ participation in decisions affecting the child’s life. However, it does not necessarily mean a fifty-fifty sharing of time. Each case will depend on the child’s age, the parents’ situations, and other factors relevant to a particular child custody dispute.”

Decree

For these reasons, we reverse and set aside the judgment appealed; decree that Charles B. Whitaker, Jr. and Denise Lee Whitaker (now McGraw) shall have the joint custody of the minor, Charles Robert Whitaker; and remand the case to the district court for implementation of a plan for joint custody in accordance with La. Civil Code Article 146A(1).
Appellee is assessed with the cost of appeal.