529 So.2d 479 (1988)
Alice LLORENCE, Individually and on Behalf of the Minor Child, Gerald Llorence, Plaintiffs-Appellants,
v.
NATCHITOCHES PARISH SCHOOL BOARD and Hartford Insurance Company, Defendants-Appellees.
No. 87-479.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Writ Denied October 28, 1988.
*481 Robert E. Piper, Shreveport, for plaintiffs-appellants.
Watson, Murchison, Crews, Arthur & Corkern (Ronald E. Corkern) Natchitoches, Bolen & Erwin, James A. Bolen, Jr., Alexandria, for defendants-appellees.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
This suit arises out of an accident occurring during a physical education class taking place at the Provencal High School in Natchitoches Parish, Louisiana on March 22, 1985. At this time, Gerald Llorence was a fourteen year old eighth grader at Provencal Junior High School. The school is owned and operated by the Natchitoches Parish School Board.
Mr. Billy Dans was employed by the Natchitoches Parish School Board and was the physical education instructor at the Provencal Junior High School. On the aforementioned date, Gerald Llorence was engaged in a physical education activity (wrestling) when he fell sustaining injury to his neck, spinal cord, and vertebral body.
Alice Llorence, appearing in her individual capacity and as mother and natural tutrix of the minor child, Gerald Llorence, brought an action against the Natchitoches Parish School Board and one of its teachers, Billy Dans, along with their respective insurers, for damages arising from the accident.
A jury trial was held and at the end of the trial the jury returned a verdict in favor of defendants and against plaintiff, relieving defendants of any negligence or liability. Plaintiff/appellant's motion for a judgment notwithstanding the verdict and motion for new trial were subsequently denied. The District Judge signed a judgment in accordance with the jury verdict.
It is from this judgment that plaintiff-appellant appeals.
Plaintiff, in her appellate brief, specifies eight assignments of error, the first being that "Appellant was denied a fair trial because the trial court allowed witnesses of appellees not listed on the Pre-Trial Order to testify; but denied unto appellant the opportunity to adduce testimony from the same class of witnesses." We disagree.
Plaintiff/Appellant, in her first assignment of error urges that she was denied a fair trial because four of her witnesses were excluded by the trial judge from testifying at trial. The four witnesses are: 1) Carl Pierson, 2) Legussie Adams, 3) Dr. Moses Young, and 4) Dr. Therryl Johnson.
In the instant situation, the Natchitoches Parish School Board and Hartford Insurance Company propounded interrogatories to plaintiff/appellant requesting appellant to disclose the name and address of any person, including any expert witness, whom she may call as witnesses and whom she intends to rely upon to prove the allegations in her petition. Plaintiff answered the petition by stating, "This interrogatory will be supplemented."
Plaintiff failed to answer the interrogatory pertaining to the identity of witnesses so Natchitoches Parish School Board and Hartford Insurance Company sent a letter to plaintiff's counsel reminding him of his continuing duty to supplement his answers to interrogatories pursuant to La. C.C.P. art. 1428. The letter once again specifically requested counsel for plaintiff to inform them of his proposed witnesses. Plaintiff responded by filing Supplemental Answers to Interrogatories. In the Supplemental Answers to Interrogatories, plaintiff's counsel listed the following potential witnesses: 1) Dr. M. Ragan Green, 2) Dr. Don Joffrion, 3) Dr. Edward Benzel, 4) Dr. Joseph Nadell, 5) Dr. Melvin Harju, 6) Dr. Richard Galloway, and 7) the employees and physicians of the LSU Medical Center and the Children's Hospital of New Orleans. Carl Pierson, Legussie Adams, Dr. Moses Young, and Dr. Therryl Johnson, the witnesses whom the trial judge excluded, *482 had still not been mentioned by plaintiff's counsel as potential witnesses.
At the pre-trial hearing in this matter, plaintiff's counsel presented to defendants and to the trial judge plaintiff's witness list. The names of Carl Pierson and Legussie Adams were still not mentioned. Included on the witness list were two new witnesses, Dr. Moses Young and Dr. Therryl Johnson. This was the first time that plaintiff's counsel ever mentioned these two names despite the fact that counsel for the Natchitoches Parish School Board and Hartford Insurance Company had on numerous occasions requested that plaintiff supply defendants with a list of all potential witnesses.
Subsequent to the pre-trial conference, plaintiff's counsel phoned defense counsel five days before trial and informed him that he was adding new names to the witness list including Carl Pierson and Legussie Adams. These two names were completely new, having never appeared in any interrogatory answer or in plaintiff's pre-trial memorandum.
La.C.C.P. art. 1428(1) has been referred to as the "continuing interrogatory" requirement. Certain classes of interrogatories have been deemed continuing up until the date of trial. Those interrogatories requesting the names of expert and lay witnesses fall within this category. See Buxton v. Evans, 478 So.2d 736 (La. App. 3rd Cir.1985), writ denied 479 So.2d 921 (La.1985). As previously stated counsel for the Natchitoches Parish School Board and the Hartford Insurance Company propounded such an interrogatory to plaintiffs.
If a party does not adequately respond to an interrogatory requesting the identity of witnesses, both lay and expert, it is within the trial court's discretion to exclude the witnesses from testifying at trial. Only if the court abuses its much discretion should such an exclusion of the "surprise" witness be found to cause reversible error. Buxton, supra.
In the instant situation, appellees made numerous requests for plaintiff to identify the potential witnesses. Plaintiff waited until shortly before trial to reveal the names of Pierson, Adams, Young, and Johnson. Despite the fact that appellees did not slow down their discovery process, they were unable to take the discovery depositions of these witnesses.
The trial court ruled to exclude some of plaintiff's witnesses and denied certain exclusion requests by defendants. While the trial judge did allow Ms. Toni Bennett to testify, we find that this was harmless error, if error at all. Ms. Bennett's testimony had no bearing on the issue of liability. The testimony was related solely to the physical and intellectual ability of Gerald Llorence both before and after the accident in question. Thus, her testimony was relevant only to the issue of quantum, and not to the issue of liability. In the instant situation, the jury concluded that there was no liability on the part of defendants, thus, Ms. Bennett's testimony was of no consequence.
Plaintiff, in her second assignment of error, urges that she was "Denied a fair trial because the Trial Court refused to allow her to offer the impeachment testimony of Gerald Cook; and refused to allow her to make a proffer of his testimony, thereby effectively precluding her entitlement to have the excluded testimony considered and reviewed by this honorable court." We disagree.
In the instant situation, Gerald Cook was called as a witness on behalf of plaintiff. The testimony which was objected to by defense counsel was testimony concerning the method in which a physical education class was taught by Mr. Robert Ralston the year after the accident which is the subject of this suit. The particular part of the testimony that was excluded on the grounds of hearsay and irrelevancy is as follows:
"Q. Okay. Did Mr. Ralston teach you about the rules and regulations of wrestling?
A. Yes sir.
Q. And did he do things or tell you things that Mr. Dans didn't do and didn't tell you? (Emphasis ours)

*483 MR. ERWIN: Objection, Your Honor.
MR. CORKERN: Objection, Your Honor.
MR. PIPER: Your Honor, I think this testimony is ...
THE COURT: Objection is sustained. It's totally irrelevant.
THE COURT: Let the minutes reflect that that objection was overruled a few minutes ago, not only on basis of irrelevancy, but, because it would ask for hearsay testimony.
MR. CORKERN: It was sustained.
THE COURT: It was sustained on irrelevance, it should have been sustained on irrelevance and hearsay testimony. And let the objection be noted for the record."
We tend to agree with plaintiff that the testimony elicited is not hearsay since the question did not require that the witness offer an out of court statement for its truth; rather the question called for the witness to testify whether or not he was shown or told anything different which would clearly be within the witness' own knowledge and could have been confronted by opposing counsel as an in court statement, however, we find that the testimony was properly excludable on the grounds of relevancy. The issue before the jury was whether or not defendant, Billy Dans, was negligent in the manner in which he conducted his class. It is not relevant for plaintiff to offer testimony with respect to how another physical education teacher conducted his class in the year following this accident.
Plaintiff, in this assignment of error, also urges that she was denied a fair trial because the trial judge refused to allow her to make a proffer of proof of Mr. Cook's testimony. We disagree.
La.C.C.P. art. 1636 permits the trial judge to allow the party offering such evidence to either make a complete record thereof or to only make a statement setting forth the nature of the proposed evidence. In the instant situation, plaintiff filed in open court a motion to fix the time for making an offer of proof. In this motion, plaintiff specifically sets forth what he expected to prove through the proferred testimony. By allowing plaintiff to file the motion in the record, we find that the court has in fact permitted plaintiff "... to make a statement setting forth the nature of the evidence." Thus, this assignment of error is without merit.
In plaintiff's third assignment of error, she urges that she was "Denied a fair trial because the trial court refused to issue an instanter subpoena for Appellee's expert, Robert Ralston; and refused to instruct the jury that Appellee's failure to call their expert, Robert Ralston, gave rise to the presumption that his testimony would have been adverse to their position." We disagree.
Plaintiff/appellant filed a set of interrogatories to the Natchitoches Parish School Board and requested the name or names of "all persons with expertise in contact sports who support your position that Billy Dans utilized prudent judgment and acted in a non-negligent fashion with respect to the activities complained of herein." The Natchitoches Parish School Board answered the interrogatory six months before the trial of this matter by listing:
Mr. Robert Ralston, Jr. c/o Natchitoches Central High School Natchitoches, Louisiana.
Other answers to the interrogatories indicated that Ralston was the high school wrestling coach and that he had his Bachelor of Science Degree in Physical Education and also a Master's Degree in the field of Education. The fact that Ralston was appellee's only expert in wrestling was further indicated in answers to a second set of interrogatories the next month, five months before trial date. Supplemental answers to interrogatories filed that same month once again indicated that Ralston was the wrestling coach at Natchitoches Central High School. Finally, both appellees, in their pre-trial memoranda filed shortly before trial, once again listed Ralston's address as Natchitoches Central High School.
In the instant situation, plaintiff knew of Mr. Ralston at least six months prior to trial. Plaintiff was also aware of Ralston's *484 address. A subpoena issued by plaintiff to the expert at his listed address would have assured his attendance at the trial. Plaintiff counsel's attempt to issue a subpoena to Ralston through counsel for the Natchitoches Parish School Board was improper. (La.C.C.P. art. 1355). Because plaintiff had six months in which to have Ralston properly served it was not an abuse of discretion for the trial judge not to order the instanter subpoena.
With respect to plaintiff's assertion that she is entitled to a presumption that Ralston's testimony would have been adverse to defendants' position, since defendants failed to call him, we find no merit.
The law pertaining to this issue has been addressed in Fortenberry v. Fortenberry, 432 So.2d 1125 (La.App. 3rd Cir.1985). In Fortenberry, supra, both sides knew of the existence of the expert witness and both sides had an equal opportunity to subpoena the expert to trial. The court held that "where either party could have called the witness or where the witness is equally available to either the plaintiff or the defendant, no inference can be drawn from the failure of one to call such witness."
Based on Fortenberry, supra, we find that since plaintiff had ample opportunity to subpoena a witness who was readily available to both sides, no adverse presumption attaches upon appellee's decision not to call Ralston. Thus, the trial judge was correct in not instructing the jury in regard to an adverse presumption.
In plaintiff's fourth assignment of error, she urges that she was "Denied a fair trial because the Trial Court erred in disallowing impeachment testimony of Eric Long on the ground that it was irrelevant and hearsay." We disagree.
Plaintiff urges that Eric Long was prohibited from testifying with respect to the manner in which Mr. Dans conducted his physical education class, which was not the same class that Gerald Llorence was in at the time of the accident, but instead, was a class that was conducted earlier in the morning on the day of the accident. Plaintiff urges that this testimony is admissable to impeach the earlier testimony of Jerry Wester, Principal of Provencal High School. Plaintiffs further urge that Wester testified on direct examination that Mr. Dans allowed the children to engage in wrestling "... in a safe manner." After a careful reading of the record with respect to this issue, we find that Wester's testimony was related only to the particular class that Gerald Llorence was engaged in at the time he sustained his injuries. Wester's testimony was based solely upon his investigation of this accident. There is no evidence in the record that he had any knowledge of any activity that took place during any other class on that particular day. Thus, because Eric Long was not in the same class that Gerald Llorence was in, the testimony of Eric Long could not be properly offered to impeach the earlier testimony of Wester, since Wester made no statement with respect to the manner in which Dans had conducted the class in which Eric Long was enrolled. The trial judge stated: "I think the testimony of a student in some other class aside from this one is irrelevant. And if that's his sole purpose here, to testify about something that happened in another class, I don't think it is." We find that the trial judge was correct in this finding.
Plaintiff, in her fifth assignment of error urges that she was "Denied a fair trial because the trial court erred in ruling that counsel for appellant was attempting to mislead the jury and in directing counsel to read a certain portion of the deposition of Billy Dans in the presence of the Court." We disagree.
Counsel for plaintiff was in the process of cross-examining Mr. Jerry Wester, the school principal, and phrased the following question:
Q. "Would it surprise you to know that Mr. Dans when he appeared in court and testified in this matter two days ago, he said when he was teaching those youngsters or telling them about the wrestling at the time Gerald broke his neck that he was not trying to teach them skills."
This question was objected to by counsel for Dans as not being his testimony. At *485 this time a brief exchange took place between various counsel. The trial judge removed the jury from the court room so that the dispute could be resolved outside their presence.
The trial judge stated that the question as phrased was clearly misleading and that plaintiff's counsel was attempting to convey to the jury that Dans was out to intentionally harm Gerald Llorence.
The trial judge consequently instructed plaintiff's counsel to read to the jury the full response of Mr. Dans that counsel had used to frame his prior misleading question. The original question as posed by plaintiff's counsel is as follows:
Q. "Was there any particular skills that you were trying to develop in these youngsters when you wrestled that day?"
A. "No special skills. I was just trying to show them the difference between TV wrestling and what they had been trying to do at school ah ... in the true wrestling. We were trying to keep someone from getting hurt. And during school... on the play-ground, they was doing different kind of stuff that come off of TV on the playgrounds and I was trying to show them the difference between that type of wrestling and the proper style of wrestling."
The trial judge has the power to control the nature, extent and character of cross-examination. The rulings that the trial judge makes in regard to nature, scope, extent and character of cross-examination are within the sound discretion of the trial judge and are not to be disturbed on appeal in the absence of an abuse of discretion. Danos v. Richoux, 356 So.2d 90 (La.App. 1st Cir.1978).
In the instant situation, plaintiff's counsel posed a question to Mr. Jerry Wester which was in our view very misleading. As previously stated, the trial judge has much discretion in controlling the nature, extent and character of cross-examination. As such, we find that he did not abuse his discretion when he requested that plaintiff's counsel read a certain portion of Mr. Dans' testimony.
With respect to plaintiff's contention that the trial judge's "open display of partiality" had an effect on the jury, we find no merit. The alleged "open display of partiality" took place outside the presence of the jury. Thus, the exchange of words complained of could not possibly have had any effect on the jury's ultimate decision.
In plaintiff's sixth assignment of error she urges that she was "Denied a fair trial because the Jury erred in rendering a verdict in favor of appellee in direct contravention to the law and evidence which preponderated in favor of appellant." We disagree.
Plaintiff contends that the jury verdict in favor of defendants was manifestly erroneous because the evidence proved that Mr. Dans' teaching methods were so substandard as to create an unreasonable risk of injury to the students. Plaintiff cites areas of the record in support of her contention. However, defendants urge that the record is replete with testimony that Mr. Dans' actions were reasonable and that the jury verdict was not manifestly erroneous.
Dans testified that he had training in wrestling from reading several books on the subject, from watching wrestling, and from studying the State Curriculum Guide prepared by the State Department of Education.
On the day of the accident, Dans directed the students to prepare for the activity by performing various warm-up exercises. After these exercises were performed, Dans further requested the students to run for a period of time. Additionally, Dans talked with the students about the rules and regulations of wrestling as well as furnishing a mat for the activity. Dans instructed the students of illegal holds, leg locks, head locks, body slams, and that there were to be no holds at all that could potentially hurt anyone. The students were further instructed about the difference between TV professional wrestling and true wrestling. Dans also pointed out that the wrestling that they saw on TV was dangerous and that he was trying to prevent the students from performing TV *486 wrestling stunts on the playground. Students who did not wish to wrestle were not forced to. Gerald Llorence requested that he be allowed to wrestle.
Dans also testified that this class was not designed to teach competitive wrestling like the class in Green v. Orleans Parish School Board, 365 So.2d 834 (La.App. 4th Cir.1978), writ denied 367 So.2d 393 (La. 1979) cited by plaintiff in her appellate brief. In this class, the thrust was to show the dangers of TV stunt wrestling and to give the students a limited experience with wrestling.
Richard Smith, an eye-witness to the accident, stated that Dans did give the students instructions before the activity began, that Dans layed mats down on the floor and explained the rules and regulations about what to do and what not to do. Moreover, Smith testified that the students were instructed to surround the mat to prevent the wrestlers from going off of the mat. Additionally, Smith stated that Gerald Llorence and his opponent looked like they were evenly matched in regard to height, weight, and speed and that with regard to peer pressure, some students told Dans that they did not want to wrestle.
Gerald Cook, another student present at the time of the accident, testified that Dans instructed them not to use body slams, head locks, or leg locks. Cook also testified that Dans prohibited the use of fists and that a mat was put down. Moreover, Cook added that Dans along with all of the students, were around the edge of the mat during the activity. Finally, Cook testified that Dans had a structured class and that he was generally concerned about the safety of the students.
Jason Moses, another student present at the time of the accident, stated that Dans had the students perform warm-up exercises and that Dans instructed them as to what they could and could not do. Moses added that Gerald and his opponent were equally matched but that Gerald was probably quicker than his opponent. Moses also testified that Dans instructed them on what holds to use and which ones not to use.
Tony Moran, a third student present at the time of the accident, testified that Dans instructed the students on what to do and what not to do and that there was little or no peer pressure in the selection process of wrestling partners. Finally, Moran testified that Dans was safety-conscious and careful in the manner in which he conducted his physical education class.
David Johnson, the student who was wrestling with Gerald when the accident occurred, testified that Dans gave them instructions on what they could and could not do. Moreover, Johnson stated that peer pressure in the selection process was minimal if present at all. Johnson also stated that Gerald was a willing participant and that the accident happened so fast that there was nothing Dans could have done to prevent Gerald's injury.
Gerald Llorence, himself, testified that Dans gave them instructions not to use choke holds, head locks, or body slams, and that Dans gave the students the option not to wrestle.
Plaintiff offered the testimony of one expert, Dr. Colfer. The trier of fact is not compelled to place more credence in the testimony of the expert than in the testimony of lay witnesses as to what they observed under the actual conditions present at the time of the accident. The jury obviously accepted the testimony of Mr. Dans and the other classmates of Gerald Llorence and concluded that the conduct of Billy Dans was not so substandard as to create an unreasonable risk of injury. In light of the aforementioned evidence, we conclude that this finding of fact by the jury is not manifestly erroneous. Thus, we will not disturb the jury's findings with respect to this issue on appeal.
In plaintiff's seventh assignment of error, she, in part, urges that the erroneous rulings of the trial court had a dispositive impact on the jury's decision. Having found that the trial judge did not make any erroneous rulings pretermits discussion of this issue.
In plaintiff's seventh assignment of error, she also asserts that since a directed verdict was not granted to defendants, *487 it is automatically assumed that plaintiff has presented and proved a prima facie case. However, this is not the legal standard that a trial court must use in deciding whether or not to grant a motion for a directed verdict.
Instead, a motion for a directed verdict should be granted in a jury trial when, after considering all evidentiary inferences in a light most favorable to the movant's opponent, it is clear that the facts and inferences redound so overwhelmingly in favor of granting the verdict, that reasonable jurors could not arrive at a contrary conclusion. Moore v. Aetna Casualty and Surety Company, 454 So.2d 1273 (La.App. 2nd Cir.1984). Whether a prima facie case has been proved by the plaintiff is of no moment. By denying the motion, the trial judge has not ruled that the plaintiff has presented a prima facie case.
When the trial judge overruled defendant's motion for directed verdict, he simply was of the opinion that reasonable and fair minded men might reach different conclusions. Following the denial of defendants' motion for directed verdict, defendants could have simply rested their case without calling a single witness. This would not require the trial judge to impose a judgment against the defendants. The matter would simply be submitted to the jury for a decision. Thus, we find that the trial judge used the correct standard as cited above and let the case go to the jury for a decision.
Plaintiff, in her final assignment of error, urges that "The trial jury had no statutory or constitutional authority to decide the issue of liability vis-a-vis the Natchitoches Parish School Board." We agree.
La.R.S. 13:5105 provides: "No suit against the state or a state agency or a political subdivision shall be tried by a jury." With the enactment of this statute, the legislature intended that the question of liability or damages would be an issue reserved for factual determination by a judge and, conversely unavailable for determination by a jury. Natchitoches Parish School Board is undoubtedly a political subdivision of the State of Louisiana. Thus, the Natchitoches Parish School Board was not entitled to an adjudication on the merits by an impaneled jury. A jury's verdict as to fault under these circumstances bears no weight and a jury is without power to adjudicate the issue of fault. Dean v. Terrebonne Parish Police Jury, 510 So.2d 82 (La.App. 1st Cir.1987).
In the instant case, the judgment rendered by the trial court is not effective against the Natchitoches Parish School Board because the issue of liability was not determined by a competent fact finder. However, despite this fact, this court has the power to decide the facts of the case rather than remanding it back to the trial court for ultimate resolution. Gonzales v. Xerox Corporation, 320 So.2d 163 (La. 1975). La. Const. Art. 5, Section 10.
Considering the record in its entirety, and based on the aforementioned evidence, we, as fact finder, hold, like the trial jury, that the Natchitoches Parish School Board is not liable in any part for the injuries sustained by Gerald Llorence.
Accordingly, for the reasons assigned, the judgment of the lower court is affirmed with respect to Mr. Billy Dans. With respect to the Natchitoches Parish School Board, we enter judgment in their favor. All costs are assessed to plaintiff-appellant.
AFFIRMED.