GARRISON, Judge.
On October 4, 1986, at approximately 5:00 a.m., plaintiffs, Sylvia Frank and Leo-nia Grandison, were fare-paying passengers in a taxicab driven by Fred Jefferson which was involved in a collision with another vehicle at the intersection of North Rampart Street and Esplanade Avenue in New Orleans. The driver of the other vehicle fled the scene of the accident. The plaintiffs filed suit for damages for injuries suffered in the accident against John Doe, *1309 the unknown driver of the other vehicle; Willie Mae Jefferson, the owner of the cab involved in the accident; Fred Jefferson, the driver of the above-mentioned cab; and Angelina Casualty Insurance Company, the liability insurer of Willie Mae Jefferson.
At trial, it was revealed that defendant, Willie Mae Jefferson, died shortly after the accident and prior to trial. Plaintiff, Sylvia Frank, a thirty-two year old woman at the time of trial, testified that the cab in which she was riding was traveling on North Rampart at approximately forty to forty-five miles per hour when it entered the intersection of North Rampart and Esplanade on a yellow light and was struck on the back left side by a vehicle traveling through the intersection on Esplanade Avenue. Ms. Frank stated at trial that she did not know the color of the traffic light facing the other vehicle as it entered the intersection but she admitted signing a statement at the scene of the accident that the other vehicle ran a red light when it entered the intersection.
Ms. Frank was taken by ambulance to Charity Hospital where she complained of pain in her back, neck and head. She was treated and released from Charity Hospital and four days later sought treatment from Dr. Phillip Farley who took x-rays of plaintiff and administered heat therapy to her. Dr. Farley prescribed no medication for Frank’s injuries and treated her intermittently until April 7, 1987. The total amount of Ms. Frank’s medical bills was $950.00. She claimed at trial that she still occasionally suffers from neck and back pain. Ms. Frank was unemployed at the time of the accident.
Plaintiff, Leonia Grandison, a thirty-seven year old woman at the time of trial, corroborated Ms. Frank’s version of the accident. She also claimed that she could not see the light facing the other vehicle as it entered the intersection but admitted signing a statement at the scene of the accident that the other driver ran a red light.
Ms. Grandison was also taken to the hospital after the accident and complained of injuries to her knee and back. X-rays were taken at the hospital and muscle relaxers were prescribed for her pain. Ms. Grandison had been seated on the side of the cab which was struck by the other vehicle.
Four days after the accident, Ms. Grandi-son sought treatment from Dr. Douglas Eggert who recommended heat therapy for her pain. Dr. Eggert treated Ms. Grandi-son intermittently until April 8, 1987 and the total bill for his services was $400.00. Ms. Grandison was self-employed as a bar owner at the time of the accident and missed two weeks of work as a result of her injuries.
Three people who claimed to have witnessed the accident also testified at trial. Ray Alexander testified that the cab driver was traveling at the speed of approximately thirty-five miles per hour as he entered the intersection on a yellow light and was struck by the other vehicle. Alexander stated that he was not sure of the color of the traffic light facing the other vehicle as it entered the intersection.
Lemmie Rodgers, Jr., an off-duty New Orleans Police Department patrolman who was traveling behind the taxicab at the time of the accident, testified that the cab driver entered the intersection on a green light but that he could not be sure of the color of the traffic light facing the other vehicle as it entered the intersection. Rodgers admitted that he did not check to see if the traffic lights were malfunctioning.
James Abram, the only witness listed on the police report of the accident, testified that he could see the traffic lights facing both vehicles at the time of the accident. He stated that the cab driver entered the intersection on a green light and that the other vehicle entered the intersection on a red light. He stated that the light facing the cab driver did not change to yellow at any time prior to the collision.
Following trial, the trial judge rendered judgment in favor of plaintiffs and against *1310 defendants, Fred Jefferson and Angelina Casualty Insurance Company, jointly, severally and in solido for the following amounts:
To Sylvia Frank:
Pain and Suffering $2,334.00
Medical Expenses 317.00
TOTAL $2,651.00
To Leonia Grandison:
Pain and Suffering $1,334.00
Medical Expenses 134.00
Lost Wages 255.00
TOTAL $1,723.00
The judgment holds these two defendants liable to plaintiffs for these amounts together with legal interest on each amount from the date of judicial demand until paid and for all costs.
In his reasons for judgment, the trial judge concluded that the sole and proximate cause of this accident was the joint and concurrent negligence of John Doe, the unknown driver of the other vehicle, and Fred Jefferson, in the proportion of two-thirds and one-third respectively. The trial judge stated in these reasons that he assessed the proportions of fault as such because John Doe negligently and recklessly made an illegal left turn at the intersection and struck the cab driven by Jefferson. Furthermore, he found that Jefferson entered the intersection on a caution light and failed to exercise caution or observe traffic entering the intersection. The trial judge found no fault on the part of the plaintiffs.
Plaintiffs now appeal the judgment of the trial court. Defendants, Fred Jefferson and Angelina Casualty Insurance, also appeal.
On appeal, plaintiffs/appellants argue that the trial judge incorrectly reduced the damages due to plaintiffs by only the proportion of fault assessed against the defendants cast in judgment, Fred Jefferson and Angelina Casualty Insurance Company. Appellants claim that because the two drivers, John Doe and Fred Jefferson, were found to be jointly and concurrently negligent, it was error for the trial judge to reduce the damages owed by Jefferson and the insurer of the cab by their percentage of fault.
The trial court reduced the plaintiffs’ recovery apparently based on the provision in LA.C.C. Art. 2324 (amended in 1987) which provides in pertinent part:
[T]he liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person’s insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.[1]
The 1987 amendment to C.C. Art. 2324 changes the obligation of joint tortfeasors from solidary to joint liability and may not be applied retroactively to an accident which occurred prior to the effective date of the amendment.[2] Morrison v. J.A. Jones Const. Co., 537 So.2d 360 (La.App. 4th Cir.1988). Therefore, because the plaintiffs were found to be free from fault in this October, 1986 accident, they are entitled to recover 100% of the damages in this case.
Defendants Fred Jefferson and Angelina Casualty Insurance Company also appeal the judgment of the trial court arguing that the trial judge erred in finding them at fault in any way for this accident. They argue that the majority of the evidence in this case indicates that Jefferson entered the intersection on a green light and that the other driver entered the intersection on a red light thereby making Jefferson free from fault. However, while some evidence at trial supports these de *1311 fendants’ position, the majority of the evidence presented supports the position that Jefferson entered the intersection on a caution light and failed to exercise caution and observe other traffic. Therefore, it was not manifest error for the trial judge to cast these defendants in judgment.
For the reasons stated above, the trial court judgment is amended as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Sylvia Frank in the full sum of $7,000.00 for pain and suffering, $950.00 for medical expenses, for a total of $7,950.00 and in favor of the plaintiff, Leonia Grandison in the full sum of $4,000.00 for pain and suffering, $400.00 for medical expenses, $765.00 for lost wages for a total of $5,165.00 together with legal interest on each amount from date of judicial demand, until paid, and for all costs and against the defendants, Fred Jefferson and Angelina Casualty Insurance Company, in solido.
AMENDED AND AFFIRMED.

. This article also makes exceptions in case of a conspiracy to commit an intentional or willful act, or as otherwise provided by law.

. Prior to the 1987 amendment Art. 2324 provided in pertinent part that "[p]ersons whose concurring fault has caused injury, death or loss to another are also answerable, in solido ...”