478 So.2d 736 (1985)
Pauline Evans BUXTON, Individually and as Administratrix of the Succession of S.N. Evans, et al., Plaintiffs-Appellees,
v.
Otto EVANS, Defendant-Appellant.
No. 84-827.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
Writ Denied December 20, 1985.
*737 Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for defendant-appellant.
Kenneth D. McCoy, Jr., Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellees, Pauline Evans Buxton, Individually and as Administratrix of the Succession of S.N. Evans, Travis Evans, Poley Evans, Louise Evans Person, Barbara Evans Hardy, and Ralph Evans filed suit against defendant-appellant, Otto Evans, in an attempt to annul three purported transfers of immovable property from S.N. Evans to Otto Evans. Shortly after the suit was filed Otto Evans died and John B. Woodard, the testamentary executor of the Succession of Otto Evans, was substituted as party defendant. The district judge ruled that the conveyances were donations in disguise, and ordered them annulled.
On November 22, 1909, S.N. Evans, husband of Elizabeth Weaver, acquired title by patent from the United States of America to eighty acres of land described as the east one-half of the northwest one-quarter of Section 31, Township 13 North, Range 7 West, Louisiana Meridian, Natchitoches Parish, Louisiana.
During S.N. Evans' and Elizabeth Weaver's marriage six children were born: (1) Melvin Evans, (2) Otto Evans, (3) Wiley Evans, (4) Poley Evans, (5) Ruey Evans Toups, and (6) Ruth Evans Suehnlein.
Elizabeth Weaver Evans died,[1] and S.N. Evans contracted a second marriage with Elizabeth Babers, and of their marriage, four children were born: (1) Pauline Evans Buxton, (2) Travis Evans, (3) Willie Evans,[2] and (4) Louise Evans Person.
In 1943 following the death of Elizabeth Weaver, S.N. Evans acquired by written instrument the interest in the eighty acre tract of land which Poley Evans, Melvin Evans, Otto Evans, and Wiley Evans had inherited from their mother.
Subsequently, the three instruments which were the subject of this lawsuit were confected.
The first instrument was entered into on February 10, 1951. In that instrument S.N. Evans purported to convey to Otto Evans the east one-half of the northeast *738 one-quarter of the northwest one-quarter of Section 30, Township 13 North, Range 7 West, Natchitoches Parish, Louisiana, in consideration of the sum of $60.00. The total area of the tract was twenty acres.
Shortly thereafter, on April 13, 1951, the second transaction occurred. In this Act, S.N. Evans purported to sell to Otto Evans twenty acres of land described as the west one-half of the northeast one-fourth of the northwest one-fourth of Section 30, Township 13 North, Range 7 West, Natchitoches Parish, Louisiana. This sale was for an alleged consideration of $60.00.
Finally, on December 8, 1962, the third purported sale was contracted. The property sold by S.N. Evans to Otto Evans was described as the east one-half of the northwest one-quarter of Section 30, Township 13 North, Range 7 West, Natchitoches Parish, Louisiana. The property described is an eighty acre tract, however the description included the forty acres which had purportedly previously been conveyed to Otto Evans by the two preceding deeds. The consideration was recited as being $10.00 and other valuable consideration.
S.N. Evans reserved all of the mineral rights in each of these sales.
Sometime in 1964 S.N. Evans died. His heirs contacted an attorney intent on opening his succession and having any property S.N. Evans owned divided. Upon opening the succession proceedings the three deeds were discovered.
The plaintiffs then filed suit against Otto Evans on March 22, 1983, seeking to have the sales annuled. The petition avers that the acts of sale were simulations, that no consideration was paid to S.N. Evans, that S.N. Evans remained in possession of the tracts of land and alternatively, that if a price was paid for the tracts of land it was below one-fourth of the real value of the immovable property.
Subsequent to the filing of suit, the defendant Otto Evans passed away and the testamentary executory of his estate, John B. Woodward was substituted as party defendant.
The case proceeded to trial with the district judge ruling that the sales be annulled and that the property be returned to the patrimony of the late S.N. Evans to be administered in the succession. In his written reasons for judgment the district judge noted that the price paid for S.N. Evans 5/6ths undivided interest in the eighty acres was far less than one-quarter of the real value of the property sold and was therefore a donation in disguise. The district judge ruled that as the conveyances were donations in disguise Civil Code Article 2444[3] provided authority for the forced heirs to have those sales annulled.
The defendant-appellant appeals the decision of the district court complaining of three alleged errors:
(1) That the district court erred in refusing to permit one of the defendant's witnesses to testify because defendant's attorney did not name her as a prospective witness in answer to plaintiff's interrogatories.
(2) That the district court erred in refusing to permit defendant to introduce certified copies of deeds because they were not enumerated in response to the plaintiff's interrogatories.
(3) That the district court erred in ruling that the land sold was for a price less than one-fourth of its value in view of the fact that S.N. Evans reserved all of the mineral interest and plaintiff's expert made no separate valuation of the land without minerals.

ASSIGNMENT OF ERROR NO. 1
On July 25, 1983, the plaintiffs propounded interrogatories upon the substituted defendant. Interrogatory No. 1 requested *739 the identity of any witnesses whom the defendant intended to call at trial.
On the trial date the defendant called a witness, Ms. Eleanor Bamburg to testify. Before Ms. Bamburg was sworn the plaintiffs objected to her being allowed to testify as they had not been apprised of her appearance by way of an answer to their interrogatories. The trial judge sustained the plaintiff's objection and allowed Ms. Bamburg to testify under a proffer of proof.
The appellant argues that the district judge erred by sustaining the plaintiff's objection. The appellant's attorney avers that he did not know the witness existed until the morning of the trial when his client appeared at his office accompanied by the witness. The attorney contends that he has been handicapped in defending this case as the original defendant passed away during the pendency of the litigation and the substituted defendant is living and employed in Channel View, Texas. Defense counsel urges this Court to rule that in light of those extenuating circumstances the district court was in error for not allowing Ms. Baumburg to testify.
La.C.C.P. Art. 1428(1) requires a party to supplement his answers to interrogatories "directly addressed to the identity and location of persons having knowledge of discoverable matters ..." This results in certain interrogatories being known as "continuing interrogatories" in the legal vernacular and are required to be answered or objected to when information is discovered. This requirement continues up to the date of trial. See Coignet v. Deubert, 413 So.2d 253 (La.App. 4th Cir. 1982).
La.C.C.P. Art. 1473 provides in pertinent part:
"If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails ... to serve answers or objections to interrogatories submitted under Article 1457, after proper service of the interrogatories,... the Court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraph (1), (2), and (3) of Article 1471 ...."
Article 1471(2) of the Louisiana Code of Civil Procedure provides the following sanction for a party who fails to properly engage in discovery practices:
"(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence."
Article 1471(2) reproduces the substance of prior Louisiana Code of Civil Procedure Article 1513(2). In Johnson v. Petit, 236 So.2d 304 (La.App. 4th Cir.1970), the Louisiana Fourth Circuit interpreted Article 1513 to give the trial court the discretionary power to disallow the testimony of witnesses who have not been identified, in a case where answers to interrogatories regarding the identity of witnesses are not answered and witnesses are later produced at trial.
We believe that in this case the trial judge was afforded the discretion to preclude Ms. Bamburg as a witness because of the defendant's failure to timely inform the plaintiffs of her identity and potential status as a witness as requested by the interrogatories. Only if an abuse of discretion is discovered on appeal may we reverse the district judge. We cannot say that the trial judge abused his discretion especially in view of the time frame in which the defendant had to locate and identify witnesses. That time frame began on the date suit was filed and continued through the filing of interrogatories up to the time of trial.

ASSIGNMENT OF ERROR NO. 2
During the course of the trial the defendant-appellant attempted to enter into evidence certain deeds which purportedly evidenced the sales of immovable property located in the vicinity of the tracts of land at issue. Defendant's purpose for entering these instruments in the record was to *740 show the value of comparably situated properties so as to disprove the plaintiff's assertion that the price received for the tract sold by S.N. Evans to Otto Evans were not below one-quarter of the real value. The plaintiffs objected to these deeds being allowed into evidence on the grounds that this was not a proper method to prove the value of comparably situated immovables.
The plaintiffs further objected to certain other deeds being allowed into evidence. The plaintiff had requested through interrogatories, to be apprised of any instruments which the defendant hoped to enter into evidence. The defendant responded by answering the interrogatory and later supplementing his answer. However, at trial the defendant, over the objection of plaintiffs, offered into evidence instruments which the defendant had not informed the plaintiff he intended to use as evidence.
The district judge responded to both of the plaintiff's objections by admitting the documents into evidence subject to the plaintiff's objections. The judge noted that after he had a chance to study the objections and their basis he would reach a conclusion on the admissibility of the documents.
The defendant-appellant argues that the district judge erred in refusing to permit the defendant to introduce certified copies of the deeds into evidence because they were not enumerated in response to the plaintiff's interrogatories.
Initially, we point out that after a thorough review of the record we were unable to find whether the trial judge sustained the plaintiff's objections to the admission of the documents. We can only presume that the district judge considered those documents in rendering his opinion.
However, we would not have reversed the trial court's decision even had we found that the district judge excluded those documents from evidence and not considered them in rendering his decision. Without supporting expert testimony, deeds are inadmissible evidence to prove comparable values. In City of New Orleans v. Manfre, 111 La. 927, 35 So. 981 (1904), our Supreme Court discussed the inadmissibility of deeds alone in proving comparable values of immovables in expropriation cases. It noted:
"The statements of the vendors and vendees in these acts, touching the price at which these sales were made, are not sworn testimony. They are mere written statements made out of court, and therefore are not admissible as proof, and the objection to their admission was well made."
We therefore hold that defendant's assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant argues that the district court erred for ruling that the land sold was for a price less than one fourth of its value in view of the fact that S.N. Evans reserved all the mineral interests and plaintiff's expert made no separate valuation of the land without minerals.
Otto Evans purchased the first twenty acre tract in 1951 for a recited consideration of $60.00, the second twenty acre tract in 1951 for a consideration of $60.00, and the final forty acre tract in 1962 for $10.00 and other valuable consideration.[4]
The plaintiff's expert testified that in 1951 the fair market value of the property was $40.00 per acre and that in 1962 the fair market value of the property was $90.00 per acre. Therefore, had the property been sold at fair market value, the forty acres sold in 1951 would have brought a price of $1,600.00 and the forty acres sold in 1962 would have commanded a price of $3,600.00. The total price of recited consideration in the deeds of sale is $130.00.
In 1951, forty acres was sold to Otto Evans for $120.00. One quarter of the real value of the forty acres according to the plaintiff's expert would be $400.00. In *741 1962 forty acres was sold to Otto Evans for $10.00. One quarter of the real value of that property would equal $900.00.
Even though Otto allegedly purchased only the surface of the land without the mineral rights the disproportion between the value of the whole property and the amount paid for the surface rights is so great as to convince us that the surface was sold for a price less than one-quarter of the real value.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] No succession proceedings were opened on behalf of Elizabeth Weaver Evans.
[2] Prior to the commencement of this litigation Willie Evans died, he was survived by two children: Barbara Evans Hardy and Ralph Evans.
[3] La.C.C. Art. 2444 provides:

"The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale."
[4] There was no proof at trial as to the existence or value of the "other valuable consideration".