488 So.2d 1130 (1986)
Sammy H. WALL, Appellee,
v.
Everett ALLEMAN, Appellee,
Jill Alleman, Appellee,
State of Louisiana, Through the Department of Transportation, Appellant.
No. 17785-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*1131 John W. King, Baton Rouge, for appellant State of Louisiana, Through Department of Transportation and Development.
Graves, Daye, Bowie & Beresko by James W. Graves, Shreveport, for appellee Sammy H. Wall.
Bethard & Davis by J.Q. Davis, Coushatta, for appellee Everett Alleman.
C.R. Whitehead, Jr., Natchitoches, for appellee Jill Alleman.
Before HALL, C.J., and SEXTON and NORRIS, JJ.
HALL, Chief Judge.
This case arises out of an accident which occurred on the morning of December 22, 1979 on Louisiana Highway 7 about 5 miles north of Coushatta, involving a southbound Peterbilt "bobtail" diesel tractor driven by Everett Alleman with his wife Jill as passenger, and a northbound Charlo Food Company step van parked on the shoulder of the highway occupied by Sammy Wall. As Alleman was driving down the highway, the truck's right rear dual wheels ran off onto the shoulder. Alleman lost control of the truck as he was attempting to reenter the highway, causing the truck to travel toward the opposite shoulder and collide with the step van occupied by Wall. Wall and Jill Alleman were injured in the accident. Everett Alleman's truck was damaged. Wall originally brought suit and there were multiple incidental demands. After trial of the multiple demands and interventions, the district court found that the accident was caused solely by the fault of the State of Louisiana, through the Department of Transportation and Development (DOTD), in that the highway had a defective drop-off between the paved surface of the highway and the shoulder. Judgments were rendered against the DOTD awarding damages to the Allemans. Judgments have not yet been rendered on the claim by Wall or on other pending incidental demands.
This appeal by the DOTD concerns the correctness of the district court's finding of liability and whether the court erred in excluding the testimony of an expert witness called by the DOTD. Finding that the court erred in refusing to allow the expert to testify and finding that the excluded testimony could affect the result, we set aside the judgments appealed and remand this case to the district court with instructions to allow the testimony of the expert witness and any rebuttal evidence relevant thereto.
At the trial held on September 11, 1984, the DOTD attempted to call a witness, Joseph D. Blaschke, a civil engineer and an expert in the field of accident reconstruction, highway design, and traffic engineering. The other parties objected on the basis that the DOTD had failed to answer interrogatories which contained questions relating to the DOTD's witnesses. The trial court sustained the objection, but allowed the DOTD to offer the testimony under an offer of proof. At this point the trial on the issue of liability was concluded and the judge left the court room to allow the attorneys to take the testimony of Dr. Blaschke.
LSA-C.C.P. Arts. 1469-74 provide the means for the enforcement of discovery. These provisions grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or to obey an order compelling discovery. Because the granting of relief against a recalcitrant defendant rests within the trial judge's discretion, it will not be disturbed unless the record shows a clear abuse of this discretion. Henson v. Copeland, 451 So.2d 41 (La.App. 2d Cir.1984).
Under LSA-C.C.P. Art. 1469, when a party fails to answer an interrogatory submitted under Art. 1457, the discovering party may move for an order compelling an answer. Under LSA-C.C.P. Art. 1471, if a party fails to obey an order to provide or *1132 permit discovery, including an order made under Article 1469, the court may make such orders in regard to the failure as are just, and among others an order refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibiting him from introducing designated matters in evidence.
A proceeding to impose sanctions for failure to comply with a discovery order should be instituted by written contradictory motion. LSA-C.C.P. Arts. 961-963. Such a hearing requires proper notice. Henson v. Copeland, supra; Billiot v. Sea Life, Inc., 384 So.2d 1023 (La.App. 4th Cir. 1980). LSA-C.C.P. Art. 1469 requires reasonable notice. A party failing to seek an order compelling discovery prior to trial waives or abandons any objection at trial on this issue. A party cannot seek the remedies provided by Arts. 1469-71 for the first time at trial. Dubois v. State through Dept. of Pub. Safety, 466 So.2d 1381 (La.App. 3d Cir.1985).
The trial court abused its discretion by applying the sanction of sustaining the objection to the testimony of the expert witness without there having been a prior order issued compelling the DOTD to answer the interrogatories. By failing to seek an order compelling an answer, the other parties abandoned any objection they had to the DOTD's failure to answer the interrogatories.
While this court has the testimony of the expert through an offer of proof, the trial court did not have the opportunity to hear and evaluate the credibility of the evidence or any possible rebuttal evidence. The testimony of the expert contained in the proffer is highly favorable to the DOTD and could affect the trial court's determination of liability. The evaluation of this testimony should be made initially by the trier of fact and, further, the parties adverse to the DOTD should have the opportunity of presenting evidence in rebuttal to the expert's testimony. A remand is necessary so that the trial court may hear the testimony of the expert and any relevant rebuttal evidence.
For the foregoing reasons, the judgments appealed are reversed and set aside and this case is remanded for further proceedings with instructions to the district court to allow the testimony of DOTD's expert witness and any relevant rebuttal evidence. Assessment of the costs of this appeal shall await final determination of the litigation.
REVERSED AND REMANDED.