537 So.2d 360 (1988)
Kim MORRISON
v.
J.A. JONES CONSTRUCTION COMPANY, INC. et al.
No. 88-CA-0577.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1988.
*362 Adams and Reese, Robert E. Couhig, Jr., Leslie A. Lanusse, New Orleans, for appellant.
Robert J. Larue, Metairie, for plaintiff.
Curry & Blankenship, John T. Holmes, New Orleans, for Standard Roofing.
Phelps, Dunbar, Marks, Claverie & Sims, G. Bruce Parkerson, Sallye G. Webb, New Orleans, for intervenor.
BYRNES, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Plaintiff slipped and fell in some water on the floor of the ladies' restroom adjacent to Kabby's Restaurant at the Hilton Hotel. The water accumulated on the floor after dripping from the ceiling. Kabby's Restaurant is part of an addition to the Hilton Hotel referred to as the Hilton Wharf Expansion. For the wharf expansion, Perez & Associates provided the plans and specifications, J.A. Jones Construction Company, Inc. served as general contractor, and Standard Taylor Industries d/b/a Standard Roofing, serving as subcontractor to Jones, constructed the roof system.
At the time of her fall plaintiff was working as a bartender at Kabby's. She received worker's compensation from her employer Hilton HotelsInternational River Center. In an effort to recover further for injuries sustained in the fall, plaintiff sued a variety of defendants. After multiple petitions, amending and supplementing the main demand, third-party demands, cross claims, and dismissals, the parties commenced trial in the following posture:[1]
a) On the main demand plaintiff sued J.A. Jones Construction (and its insurer Aetna), Standard Roofing (and its insurer U.S.F. & G.), and Atlas Blowpipe and Sheet Metal Works;
b) On third-party demands J.A. Jones sued Standard Roofing, Mechanical Construction Company, and Atlas Blowpipe;
c) On cross-claims Atlas Blowpipe sued Mechanical Construction Company and Standard Roofing;
d) On intervention Hilton HotelsInternational River Center sought reimbursement for worker's compensation paid.
During trial the district court granted a directed verdict in favor of Mechanical Construction Company and Atlas Blowpipe and Sheet Metal Works, Inc., dismissing all claims against them. That ruling has not been appealed, is now final, and those parties are no longer involved in this suit. Responding to written interrogatories the jury made the following findings:
a) J.A. Jones's negligence was 35% of the cause of plaintiff's injuries;
b) Standard Roofing was not negligent;
c) Perez & Associates was not negligent;
d) International River Center's negligence was 65% of the cause of plaintiff's injuries;
e) Plaintiff was not negligent;
f) Fair compensation for plaintiff's damages is $300,000.00.
Specifying seven assignments of error, J.A. Jones has appealed the district court judgment which awards plaintiff $300,000.00 "against defendants, jointly and solidarity, J.A. Jones Construction Company for 35% for comparative negligence of the total amount and against International River Center for 65% for comparative negligence of the total amount." The original judgment was amended to add an award to International River Center for reimbursement by preference for all worker's compensation and medical benefits paid, and to dismiss all other pending claims. Plaintiff *363 answered the appeal seeking an increase in the amount of the award and seeking removal of her employer, International River Center, as a solidary obligor and as a party whose negligence could reduce her recovery.[2]
We amend the judgment to exclude International River Center as an obligor, and affirm the judgment as amended.
Appellant argues that the trial judge erred by permitting Robert Fleishmann, an expert called by plaintiff, to testify concerning his opinion on the source of the water which caused plaintiff to slip and fall. Appellant objected to this testimony claiming that Mr. Fleishmann's trial testimony revealed a change of opinion from his opinion as expressed by the witness in deposition and as provided by plaintiff in answers to interrogatories, and that plaintiff had failed to supplement or correct her answers to the interrogatories to reflect this change. See La.C.C.P. Art. 1428. Plaintiff responds to this argument by citing Mr. Fleishmann's trial testimony that although he had visited the accident area again since his deposition, gathering additional information, his opinion on the source of the water had not changed, he could not determine the exact location of the source of the water.
If a trial judge finds that a party has failed to satisfy a duty to supplement answers to interrogatories concerning a witness and his testimony, the judge has discretionary power to disallow the testimony at trial. La.C.C.P. Art. 1471 (reproducing the substance of former La.C.C.P. Art. 1513); See Nu-Lite Electrical Wholesalers v. Colonial Electric, 527 So.2d 498, 500 (La.App. 5th Cir.1988) and cases cited therein; Buxton v. Evans, 478 So.2d 736, 739 (La.App. 3d Cir.1985), writ denied 479 So.2d 921 (La. 1985); Johnson v. Petit, 236 So.2d 304 (La.App. 4th Cir.1970). This power should be exercised only when the ends of justice dictate exclusion of the testimony. If the trial judge elects to allow the testimony, in the absence of abuse of the judge's discretion, there is no error. Goleman v. Kroger & Company, Inc., 462 So.2d 1330, 1333 (La.App. 3d Cir.1985); Giroir v. Pann's of Houma, Inc., 341 So.2d 1346, 1348 (La.App. 1st Cir.1976).
As between his testimony at deposition and his testimony at trial, we do not find a significant change in Mr. Fleishmann's expression of his opinion on the source of the water. We do not find that appellant was prejudiced or disadvantaged. In electing to allow Mr. Fleishmann's testimony, we do not find any abuse of the trial judge's discretion. We, therefore, find no error.
Appellant argues that the trial judge erred by allowing into evidence the deposition of Bernell Hadley, a security guard at the Hilton who investigated plaintiff's accident. Appellant complains that a proper showing of Mr. Hadley's unavailability was not made prior to the reading of his deposition into the record. We find that Mr. Hadley's deposition testimony was merely cummulative, corroborating plaintiff's testimony of water on the floor of the restroom, without shedding any light on the source of the water or the negligence of any party, and therefore, any error concerning its admissibility was harmless, causing no prejudice or disadvantage to any party. Compare Files v. State, DOTD, 484 So.2d 746 (La.App. 1st Cir.1986) (Error in permitting testimony of a witness not identified before trial as required was harmless because his testimony added nothing to plaintiff's case to prove liability.)
Appellant argues that the evidence does not support the jury finding that J.A. Jones was negligent. We do not agree.
In Louisiana, the elements of a cause of action for delictual liability are fault, causation, and damage. The conduct of which plaintiff complains must be a cause-in-fact of the harm. After determining causation, *364 the court must also determine what was the duty imposed on defendant, and whether the risk which caused the accident was within the scope of the duty. A breach of a duty on the part of the defendant which was imposed to protect against the risk involved makes the defendant negligent under La.C.C. Arts. 2315 and 2316. Vicknair v. Hibernia Building Corporation, 479 So. 2d 904, 908 (La.1985).
Plaintiff's injuries were caused when she slipped and fell in water which had dripped from the ceiling onto the floor in the ladies' restroom. Appellant was the general contractor responsible for building the structure which housed this restroom. Appellant had a duty to build this structure in a workmanlike manner so that when it was complete no water would drip through the ceiling and accumulate on the floor of the ladies' restroom. The duty to avoid that hazardous condition was owed by appellant to all who would enter the premises. That duty is a continuing duty to properly investigate and rectify any problems discovered after construction completion but apparently related to construction deficiencies. That duty is imposed to protect against the risk of an accident like the one which caused plaintiff's injuries.
Although the exact source of the water was not established, the evidence preponderates in favor of the conclusion that entry of the water into the structure and its leaking through the ceiling to accumulate on the restroom floor resulted from deficient construction or deficient efforts at investigation and repair of the problem, or both. The jury concluded that Standard Roofing was not negligent, apparently concluding that the evidence did not support a finding that the roof system had been constructed deficiently. The record before us does not show that conclusion to be clearly wrong. We, therefore, will not disturb the factual finding that Standard Roofing was not negligent. (And since Standard Roofing was not negligent, appellant cannot support its third-party claim for contractual indemnity against Standard Roofing, which claim is predicated upon Standard Roofing being negligent.) If the jury felt that construction deficiencies contributed to the problem, it apparently did not find those deficiencies in the roof system construction.
The jury also found that the negligence of the International River Center was 65% responsible for the accident, suggesting that the failure to investigate, determine the source of the leak, and to repair the leak properly is the negligence which caused the accident. The record supports that conclusion and the further component of that finding of negligence that appellant, J.A. Jones, was partially responsible for the failure to investigate and repair the leak properly. The record establishes that appellant was not reasonably diligent in searching out the source of the water and in fashioning a remedy. This problem, which had existed since construction was completed, revealed a deficiency in constructional integrity for which appellant was responsible to remedy. Appellant's failure to pursue reasonable means to correct the water leakage problem supports the jury's finding that this breach of duty contributed to plaintiff's fall and injuries. We will not disturb that finding by the jury.
Appellant argues further that under La.R.S. 9:2772 it is immune from liability because it constructed the work according to plans and specifications as furnished by Perez & Associates. To reap the benefit of this statutory immunity, appellant needed to prove compliance with the plans and specifications furnished it. City of Covington v. Heard, 428 So.2d 1132 (La. App. 1st Cir.1983); Pittman Construction Company v. City of New Orleans, 178 So.2d 312 (La.App. 4th Cir.1965), writ denied 248 La. 434, 179 So.2d 274 (La.1965). The record before us does not contain proof of appellant's compliance with the plans and specifications. And further, even though a contractor is required to follow the plans and specifications furnished him, he can still be liable for damages if the destruction, deterioration, or defects were his fault and not related to the plans or specifications. Cell-O-Mar, Inc. v. Gros, 479 So.2d 386, 391 (La.App. *365 1st Cir.1985), writ denied 481 So.2d 1332, 1333 (La.1986), and cases cited therein.
The jury found Perez & Associates not negligent. That finding is not clearly wrong, and we will not disturb it. Appellant's claim of immunity because of compliance with the plans and specifications as furnishedeven if that had been proven would not automatically relieve defendant of all liability under any theory. The jury apparently found no fault with the plans and specifications, and found fault with appellant. We will not disturb the jury's conclusion.
Appellant argues that the compensation award for plaintiff's injuries is excessive; plaintiff answers that the award is inadequate. Two to three months after her fall plaintiff, complaining of severe back pain, visited an orthopedic surgeon. A myelogram was conducted, and thereafter plaintiff underwent a laminectomy with a diskectomy at L5-S1. Following plaintiff's recovery from the operation, her surgeon opined that she would experience a 10% permanent partial disability of her body. As expected, plaintiff continues to suffer with her back, complaining that because of her injured back she faces limitations on future employment possibilities and is less able to play with and enjoy her new daughter.
The trier of fact is afforded much discretion in determining appropriate awards to compensate for injuries and damages. La. C.C. Art. 2324.1. Absent a clear showing of an abuse of that much discretion we will not disturb the award made. We find the jury's determination that $300,000.00 would adequately compensate plaintiff for her damages to be within the jury's much discretion, being neither excessive nor inadequate, and therefore, we will not disturb the award.
All parties complain, correctly, that International River Center should not be cast in judgment solidarily with appellant, but they disagree on how the judgment should be recast. Although it was appropriate for the jury to consider whether International River Center bore any of the fault for plaintiff's accident, La.C.C.P. Art. 1812, International River Center was not a defendant and as plaintiff's employer was immune from tort liability. International River Center should not have been cast in judgment against plaintiff.
The next issue is the application of La.C.C. Arts. 2323 and 2324. Because the jury found plaintiff not negligent, the jury's assessment of her damages is not reduced under La.C.C. Art. 2323. And under La.C.C. Art. 2324 (as that article read at the time of plaintiff's accident, prior to its amendment in 1987), appellant is solely responsible for plaintiff's damages because its percentage of fault is greater than hers and the only other party bearing any fault for plaintiff's accident, International River Center, is immune from tort liability as plaintiff's employer. (We do not disagree that this result seems unfair to appellant, but find this to be a correct application of the law and any change therein to be the province not of the courts but of the legislature.)
Appellant argues that La.C.C. Art. 2324 as amended in 1987 should be applied retroactively. In amending the article the legislature gave no expression concerning prospective or retroactive application. We consider the amendment to the article to be a change in the substantive law, and therefore, we apply La.C.C. Art. 6 to conclude that the article as amended should be applied prospectively only.
For the reasons assigned, we amend the judgment of the district court to remove International River Center as a judgment debtor on the main demand. The judgment as amended casts appellant, J.A. Jones Construction Company, Inc., as the sole judgment debtor responsible for plaintiff's damages, assessed at $300,000.00. We affirm the judgment as amended.
AMENDED AND AFFIRMED.
NOTES
[1] All claims against Perez & Associates were stayed due to bankruptcy proceedings.
[2] Plaintiff also sought to include Aetna, as insurer of J.A. Jones, as a solidary obligor. International River Center had also answered the appeal seeking the inclusion of Aetna as a solidary obligor. On Aetna's motion, citing La.C.C.P. Art. 2133, this court dismissed the answers to the appeal insofar as they sought inclusion of Aetna as a solidary obligor. No review of that ruling was sought; it is now final; Aetna is no longer a party to this action.