GARRISON, Judge.
Hendrik Uiterwyk, defendant in the trial court, appeals the October 12, 1989 judgment modifying the custody and visitation determination rendered by the Florida court and permanently enjoining the parties from invoking proceedings in Florida relative to the custody and visitation order. Mr. Uiterwyk argues the aforementioned judgment should be vacated because the trial court lacked subject matter jurisdiction as a matter of preemptive federal law and, therefore, the judgment is void. Alternatively, he argues that the trial court erred in prohibiting him from testifying at the trial and in modifying the agreement without a showing of change of circumstances.
The issue of subject matter jurisdiction in this case was discussed and determined by this court in 88-CA-1637. 542 So.2d 726.
The Fourth Circuit Court of Appeals composed of Judges Garrison, Ciaccio and Lobrano found that Louisiana did in fact solely possess subject matter jurisdiction in this matter and ordered a trial on the merits for the reasons set forth in the above numbered case.
The appellant now asserts that The Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A supports his claim that Florida has sole subject matter jurisdiction.
§ 1738A entitled “Full faith and credit given to child custody determinations,” states, in pertinent part, as follows:
(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
(1) such court has jurisdiction under the law of such State; and
(2) one of the following conditions is met:
A) such State (i) is the home State of the child on the date of the commencement of the proceedings, or (ii) had *559 been the child’s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
B) (i) it appears that no other State would have jurisdiction under subpara-graph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because
(I)the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationships;
C) the child is physically present in such State (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;
D) (i) it appears that no other State would have jurisdiction under subpara-graph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or
E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestants.
In the case at hand, the children had been living in Louisiana since September of 1986 pursuant to a consent judgment signed in June of 1986. Clearly the children’s place of residence is Louisiana and was so well before the six months prior to when the suit at hand was instituted. For these reasons we believe 28 U.S.C § 1738A is inapplicable to support Mr. Uiterwyk’s case.
Alternatively argued by Mr. Uiter-wyk is that the trial court erred in finding Ms. Fuge had proved a “change in circumstances” sufficient to support the change in custody and visitation. This argument is without merit. We believe that the change in residence constitutes a sufficient change in circumstance to warrant modification of the previous custody agreement.
In his second alternate argument, Mr. Uiterwick contends that the trial court abused its discretion in preventing himself and his witnesses from testifying at the hearing. The trial court did not permit this testimony as a sanction for Mr. Uiterwick’s failure to be deposed the day before the hearing as scheduled. This was the last in a long line of difficulties the court had encountered with Mr. Uiterwick and, apparently, found his excuses for non-appearance to be insufficient.
LSA-C.C.P. art. 1473 allows the court to impose such sanctions “as are just.” Whether a sanction is substantially justified will depend on the circumstances of each individual case. Franklin v. Harvill, 406 So.2d 696 (La.App.1981). The exclusion of testimony has been held to be a valid and just sanction under art. 1473. Buxton v. Evans, 478 So.2d 736, writ denied, 479 So.2d 921 (La.App. 3d Cir.1985); Bowers v. Greene, 386 So.2d 920, writ denied, 390 So.2d 202 (La.App.1980).
However, this case involves the custody and visitation of parents with their children. While the trial court has a very strong interest in enforcing pretrial discovery, we find the best interest of these children to be even more compelling. We believe that it is in the children’s best interest that the court considers both parents’ testimony and that of their witnesses. Accordingly, we reverse the trial court’s judgment regarding the custody and visitation of the children, remanding that question *560 only to the trial court for a full and complete hearing. Such adjudication will provide both parents an opportunity to testify and present witnesses if they so desire.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.