671 So.2d 1238 (1996)
Margie Faye VARNELL, et vir, Plaintiffs-Appellees,
v.
LOUISIANA TECH UNIVERSITY, et al., Defendants-Appellants.
No. 28,266-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
*1239 Richard P. Ieyoub, Attorney General, Gary J. Beauchamp, Assistant Attorney General, R. Wayne Smith, Robert W. Levy, Special Assistant Attorneys General, for Appellants.
Paul B. Wilkins, Columbia, for Appellees, Margie Faye Varnell and Marvin Ray Varnell.
Don C. Burns, Columbia, for Appellee, Pamela Varnell.
Before NORRIS, WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
The defendants, Louisiana Tech University and the Board of Trustees for State Colleges, appeal a trial court judgment finding them liable for injuries sustained by the plaintiffs, Margie Faye and Marvin Varnell, when Margie Varnell slipped and fell in her daughter's dormitory room. We reverse and remand for a new trial.

FACTS
Pamela Varnell ("Pamela") is the daughter of plaintiff, Margie Faye Varnell. Pamela and her roommate, Hyun ("Hyun") McLemore, were students at Louisiana Tech and lived in room 418 of Kidd Hall, a campus dormitory. In mid-June, water began leaking from the air conditioning vent in their room. Pamela and her roommate notified their resident assistant (RA), Shelly McCullough, of the problem. Each student wrote her name, room number, and "leaking air conditioner" on the bulletin board outside the RA's door. In addition, Pamela stated that she had verbally reported the air conditioning leak to the RA several times. Louisiana Tech's maintenance personnel twice attempted to repair the leak, but water resumed dripping within 48 hours of the repair. The air conditioner vent was located above the sink. The dripping water ran down the wall to the sink counter and onto the floor. In order to catch and absorb the dripping water, Pamela and Hyun placed large plastic cups and bath towels on the floor. They testified the water leaked so profusely that they needed to empty the cups and wring out the towels two to three times each day. *1240 When the room was unoccupied for an extended period of time, water puddles formed on the floor. On Thursday, August 8, 1991, Pamela left the dorm to visit her parents and returned on Sunday, accompanied by her mother. Hyun was also away for the weekend. Pamela entered the room, sat on her bed and turned on the telephone answering machine. The plaintiff, carrying two bags of groceries, started to walk across the room and slipped in accumulated water on the floor. She fell and injured her right knee. The plaintiff and her daughter went to the RA's room. Pamela again wrote that the air conditioning in Room 418 needed repair and plaintiff reported that she had fallen and hurt her leg. The next day, Pamela spoke with James King, the Director of Housing and Residential Life. She told him about the continuing problem with the air conditioning leak, that it had not been repaired and that her mother had been injured. Within one hour of this conversation, maintenance personnel repaired the leak.
The plaintiff sought medical attention for her injury in February 1992, almost six months after her accident. She first saw Dr. Cummings of Columbia, Louisiana. The plaintiff's attorney referred her to an orthopedic surgeon in Shreveport, Dr. Baer Ramback, who became her treating physician. In March 1992, he performed arthroscopic surgery to repair damage in plaintiff's right knee. Dr. Ramback saw her regularly until January 1993, when he released plaintiff to return to work with an assessment of 25% permanent partial disability in her knee. The plaintiff returned to Dr. Ramback twice because of recurring discomfort. In September 1993, Dr. Ramback performed surgery to correct the hyper mobility of plaintiff's kneecap.
The plaintiffs, Margie Faye and Marvin Varnell, filed a petition for damages in July 1992, alleging that Louisiana Tech and the Board of Trustees were negligent and strictly liable for the injuries sustained by plaintiffs. The defendants filed an answer and a third party demand against Pamela, alleging that she was liable for all or part of any damages awarded because she failed to warn her mother of a dangerous condition.
Trial was held in November 1993. Plaintiffs filed a motion to exclude witnesses' testimony on the ground that defendants had not provided the names and addresses of witnesses they expected to call until six days before trial. The trial court excluded from evidence all of defendants' witnesses and exhibits. In September 1994, the trial court rendered judgment, finding that the defendants were liable for plaintiffs' injuries. The court awarded Margie Varnell damages in the amount of $551,454.47, and awarded Marvin Varnell $25,000 for loss of consortium. The defendants appealed.

DISCUSSION

Assignment of Error No. 2
The defendants argue the trial court erred in excluding from evidence witness testimony and exhibits offered by the defense, as a sanction for their failure to timely answer plaintiffs' interrogatories. The defendants contend that the witnesses were not in fact "surprises" to plaintiffs and that the trial court abused its discretion.
Pursuant to LSA-C.C.P. Art. 1473, if a party fails to answer interrogatories, the court in which the action is pending may, on motion, make such orders in regard to the failure as are just, and may impose certain sanctions authorized under LSA-C.C.P. Art. 1471, including prohibiting a party from introducing designated matters into evidence. Harris v. Burch, 561 So.2d 931 (La.App.2d Cir.1990). Whether or not to allow the testimony of witnesses who were not identified in response to interrogatories is within the discretion of the trial court. Its decision will be reversed only if an abuse of discretion is discovered on appeal. Harris v. Burch, supra; Buxton v. Evans, 478 So.2d 736 (La. App. 3d Cir.1985). Whether a sanction is substantially justified will depend on the circumstances of each individual case. Fuge v. Uiterwyk, 576 So.2d 557 (La.App. 4th Cir. 1991), writ denied, 578 So.2d 937. The trial court's discretionary authority to disallow testimony at trial, based on a party's failure to answer interrogatories, should be exercised only when the ends of justice dictate exclusion of the witness. Morrison v. J.A. *1241 Jones Construction Co., Inc., 537 So.2d 360 (La.App. 4th Cir.1988). Among the factors to be considered in imposing sanctions for a party's failure to comply with a discovery request are the prejudice to the other party and the wilfulness of the noncomplying party. Horton v. McCary, 93-2315 (La. 4/11/94), 635 So.2d 199.
In the present case, the defendant sought to call as witnesses at trial Dr. Galloway, Dr. Eisenstadt, Shelly McCullough, Sarah Blackwell and Wayne Brooks. The plaintiffs objected to the testimony based on defendants' failure to timely identify the witnesses in answers to interrogatories. The trial court sustained the plaintiffs' objections and excluded all testimony from these witnesses. The trial court's ruling effectively prevented the defendants from presenting their case.
In reviewing the trial court's ruling, it is necessary to consider whether the plaintiffs would have been prejudiced by allowing the excluded witnesses to testify. In their motion in limine requesting the exclusion of the defendants'"late disclosed" witnesses, the plaintiffs alleged that defense counsel's tardy response to interrogatories prevented the plaintiffs from obtaining discovery from the witnesses. However, at the hearing on their motion for new trial, the defendants submitted an affidavit by Shelly McCullough, who stated that plaintiffs had taken her recorded statement over the telephone prior to trial.
In addition, the plaintiffs had deposed and subpoenaed Sarah Blackwell as a witness, they had received a report from Dr. Galloway and were informed by letter that Dr. Eisenstadt was a potential witness. As a result, the plaintiffs had an opportunity to learn the nature of each witness' testimony prior to trial and to prepare for cross examination. Thus, there is no indication that the plaintiffs would have been unduly prejudiced by allowing those witnesses to testify. We also note that the record does not contain a transcript from a hearing on the plaintiff's motion in limine. As a result, this court was not provided with a factual basis for the trial court's finding that allowing a particular witness to testify would have prejudiced the plaintiffs.
After reviewing the record, we do not find evidence that defendants' belated response to interrogatories was wilful. Prior to trial, the defendants made three requests for continuances which were denied by the trial court. On November 12, 1993, the defendants sent to plaintiffs by fax the names of witnesses which they intended to call at the trial scheduled for November 18, 1993. The trial court had not established a schedule or deadline for completion of discovery. In the case of Llorence v. Natchitoches Parish School Board, 529 So.2d 479 (La.App. 3rd Cir.1988), the court upheld a trial court's exclusion of appellants' witnesses after finding that the appellees made numerous requests for the opponent to identify potential witnesses, including sending a letter to the party's counsel seeking witness information. No such communication took place in the present case. After propounding interrogatories, the plaintiffs did not further contact defendants regarding witness information and did not file a motion to compel discovery.
The plaintiffs' failure to file a motion to compel is another factor which is weighed in evaluating the reasonableness of the trial court's imposition of discovery sanctions. See Wall v. Alleman, 488 So.2d 1130 (La. App.2d Cir.1986). We note that, unlike the situations in Harris, Llorence and Buxton, the present case does not involve a party's failure to supplement an incomplete interrogatory response. Here, the plaintiffs were aware that their interrogatories had not been answered, a circumstance which makes plaintiffs' failure to move for an order compelling discovery all the more puzzling.
The record does not reflect that the trial court considered the prejudicial effect of each witness to the plaintiffs before excluding the testimony of all defense witnesses. Nor does it appear that the trial court considered whether the defendants' delayed response to interrogatories was wilful or negligent. The trial court's discretionary authority to disallow testimony at trial should be exercised only when the ends of justice dictate exclusion of the witness. Here, there is evidence that the plaintiffs were able to learn the nature of the excluded witnesses' testimony prior to trial. The plaintiffs did not find it *1242 necessary to file a motion for an order to compel discovery. Moreover, the trial court's sanction effectively prevented the defendants from presenting their case.
Under these circumstances, we must find that the trial court abused its discretion in excluding the testimony of defense witnesses. Consequently, we reverse the judgment and remand the case for a new trial. Since we remand for a new trial, we decline to address the remaining assignments of error raised by the appellant.

CONCLUSION
For the foregoing reasons, the trial court's judgment is reversed and this case is remanded for a new trial, with instructions to the trial court to allow the testimony of the defense witnesses and any relevant rebuttal evidence. The costs of this appeal are assessed one-half to the appellants, Louisiana Tech University and the Board of Trustees for State Colleges and Universities, and one-half to the appellees, Margie and Marvin Varnell.
REVERSED AND REMANDED.