978 So.2d 1184 (2008)
Linda RICHARDSON, Plaintiff-Appellee
v.
Sonia AMOS and Direct General Insurance Company, Defendant-Appellant.
No. 42,948-CA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*1185 Gregory S. Moore, for Appellant.
James R. Pierre, Monroe, for Appellee.
Before BROWN, WILLIAMS and DREW, JJ.
WILLIAMS, J.
Plaintiff, Linda Richardson, filed a lawsuit against defendants, Sonia Amos and Direct General Insurance Company, seeking damages for injuries she sustained in an automobile accident. Following a bench trial, the trial court entered judgment in favor of the plaintiff. The court later amended its judgment and awarded plaintiff general damages in the amount of $12,250 plus special damages and costs. For the reasons set forth herein, we reverse the trial court's judgment and remand for a new trial.

FACTS
This case arises out of an automobile accident involving three vehicles which occurred on U.S. Highway 165 in Monroe, Louisiana on January 14, 2006. A vehicle driven by defendant, Sonia Amos ("Amos"), collided with the rear of a vehicle driven by Angela Turner ("Turner"). In turn, Turner's vehicle collided with the rear of plaintiff's vehicle.
On April 10, 2006, plaintiff filed suit against Amos and her automobile insurer, Direct General Insurance Company ("Direct General"), for damages arising out of the accident. Direct General responded, denying liability and alleging that plaintiff was at fault because her vehicle had stalled and had come "to a complete stop blocking the northbound lane of travel . . . causing the accident at issue." A bench trial was held on January 22, 2007.[1]
During the trial, plaintiff testified that her vehicle was in motion when it was struck from behind. She stated that her vehicle became inoperable following the accident. Plaintiff also testified that she had no physical ailments prior to the accident, but after the accident, she was unable to perform tasks involving lifting, bending and stooping. Consequently, she could no longer perform many of the duties required of her occupation as a housekeeper.
Dr. Gregory Mayfield, a chiropractor, testified with regard to the extent of plaintiff's injuries. He stated that plaintiff came to his clinic on February 14, 2006, stating that she had been involved in a motor vehicle accident. At that time, *1186 plaintiff complained of headaches and pain in her neck, mid-back and lower back. Dr. Mayfield treated plaintiff for her symptoms until April 17, 2006.
Richard Darrell, a property damage appraiser for Direct Adjusting Company, testified that he inspected plaintiff's vehicle on February 1, 2006. By that time, the vehicle had been towed to a salvage yard located in Jackson, Mississippi. Darrell testified that he observed no "recent" collision damage on plaintiff's vehicle. Darrell stated that he observed a "small dent . . . about the size of a quarter under the left taillight." He also noticed that paint on the rear of the vehicle was "flaking" and "peeling" and the right taillight was broken. He stated the damage to plaintiff's vehicle contained rust, an indication that the damage "had been on there for quite a while."
Defendants attempted to call Turner to testify with regard to the accident. Plaintiff's counsel objected, arguing that because defendants did not respond to interrogatories, plaintiff was not aware that Turner would be called to testify. The court sustained plaintiff's objection, but stated that it would allow defendants to offer Turner's testimony under an offer of proof. The judge then left the courtroom and allowed the attorneys to take Turner's testimony.
On May 4, 2007, the trial court rendered judgment in favor of plaintiff, finding that Amos was solely at fault in causing the accident. The court specifically rejected defendants' contention that plaintiff's vehicle had stalled and was stationary at the time of the accident. The court concluded that defendants were liable to plaintiff "for all personal and property damages sustained as a result thereof." However, no damages were awarded in the original judgment. Apparently, on its own motion, the court rendered an amended judgment and awarded plaintiff general damages in the amount of $12,250 and "all special damages incurred as a result of this accident."

DISCUSSION
Exclusion of Testimony
Defendants contend the trial court erred in excluding Angela Turner's testimony as a sanction for its failure to answer plaintiff's interrogatories. Defendants argue that Turner's proposed testimony was not a "surprise" to plaintiff and that plaintiff should have filed a motion to compel discovery, rather than waiting until the day of trial to object to the defense's failure to answer interrogatories.
LSA-C.C.P. art. 1473 provides that if a party fails to answer interrogatories, the court in which the action is pending may, on motion, make such orders with regard to the failure as are just, and may impose certain sanctions authorized under LSA-C.C.P. art. 1471, including prohibiting a party from introducing designated matters into evidence. Varnell v. Louisiana Tech University, 28,266 (La.App. 2d Cir.4/3/96), 671 So.2d 1238; Harris v. Burch, 561 So.2d 931 (La.App. 2d Cir.1990). Whether or not to allow the testimony of witnesses who were not identified in response to interrogatories is within the discretion of the trial court and its decision will be reversed only if an abuse of discretion is discovered on appeal. Id.; Buxton v. Evans, 478 So.2d 736 (La.App. 3d Cir.1985).
Whether a sanction is substantially justified will depend on the circumstances of each individual case. Varnell, supra; Fuge v. Uiterwyk, 576 So.2d 557 (La.App. 4th Cir. 1991), writ denied, 578 So.2d 937 (La.1991). The trial court's discretionary authority to disallow testimony at trial, based on a party's failure to answer interrogatories, *1187 should be exercised only when the ends of justice dictate exclusion of the witness. Varnell, supra; Morrison v. J.A. Jones Construction Co., Inc., 537 So.2d 360 (La.App. 4th Cir.1988). Among the factors to be considered in imposing sanctions for a party's failure to comply with a discovery request are the prejudice to the other party and the wilfulness of the noncomplying party. Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199; Varnell, supra.
In Varnell, supra, the defendant sought to call five witnesses to testify at trial. The plaintiffs objected to the witnesses' testimony on the grounds that the defendant did not provide the names and addresses of these witnesses until six days before the trial. The trial court sustained the plaintiff's objection. This court reversed, stating:
[T]he plaintiffs had an opportunity to learn the nature of each witness' testimony prior to trial and to prepare for cross examination.[[2]] Thus, there is no indication that the plaintiffs would have been unduly prejudiced by allowing those witnesses to testify.
* * *
After reviewing the record, we do not find evidence that defendants' belated response to interrogatories was wilful. . . . After propounding interrogatories, the plaintiffs did not further contact defendants regarding witness information and did not file a motion to compel discovery.
* * *
The record does not reflect that the trial court considered the prejudicial effect of each witness to the plaintiffs' [case] before excluding the testimony of all defense witnesses. Nor does it appear that the trial court considered whether the defendants' delayed response to interrogatories was wilful or negligent. The trial court's discretionary authority to disallow testimony at trial should be exercised only when the ends of justice dictate exclusion of the witness. Here, there is evidence that the plaintiffs were able to learn the nature of the excluded witnesses' testimony prior to trial. The plaintiffs did not find it necessary to file a motion for an order to compel discovery. Moreover, the trial court's sanction effectively prevented the defendants from presenting their case.
Id. at 1241-42.
Initially, we note that, unlike the plaintiffs in Varnell, supra, plaintiff in the instant case neither deposed Turner nor recorded her statement. Moreover, there is no indication that defendants informed plaintiff by letter that Turner was a potential witness. Nevertheless, we reject the argument that plaintiff was "surprised" that defendants would call Turner as a witness. Plaintiff was aware that Turner was the driver of the third vehicle involved in the accident. It is clear from the allegations contained in plaintiff's petition for damages that Amos struck Turner's vehicle and Turner, in turn, struck plaintiff's vehicle. Plaintiff was in no way denied the opportunity to obtain a statement or depose Turner prior to trial.
Additionally, there is no indication that defendants' failure to respond to plaintiff's interrogatories was wilful or negligent. The record does not reflect that plaintiff *1188 made any attempt to contact defendants to obtain a list of potential witnesses. Plaintiff merely propounded interrogatories without any further contact with defendants with regard to witness information.[3] With a little effort, plaintiff could have learned the nature of Turner's proposed testimony prior to trial.
We also note that plaintiff did not file a motion to compel discovery.[4] Plaintiffs' failure to file a motion to compel is another factor which is weighed in evaluating the reasonableness of the trial court's imposition of discovery sanctions. Varnell, supra, citing Wall v. Alleman, 488 So.2d 1130 (La.App. 2d Cir.1986). In Varnell, supra, this court stated, "Here, the plaintiffs were aware that their interrogatories had not been answered, a circumstance which makes plaintiffs' failure to move for an order compelling discovery all the more puzzling." Id. at 1241.
Moreover, this record does not demonstrate that the trial court considered any prejudicial effect of Turner's testimony to plaintiff's case before it excluded Turner as a witness. Likewise, there was no inquiry by the court with regard to whether defendants' failure to respond to interrogatories was wilful or negligent. In granting plaintiff's motion to exclude Turner's testimony, the trial court stated:
[A]s it relates to the Court's ruling about the testimony of Ms. Turner, the court finds that there were Interrogatories that were propounded and specifically requesting the names of persons who are going to present evidence how each testify at the trial [sic]. The court finds that it was done back in April along with the Petition that was filed and that information was not provided or presented. When I speak of witnesses, I am talking to persons who were not going to be parties to the suit. More specifically, Ms. Linda Richardson and Ms. Sonia Amos and the testimony of Ms. Turner will not be allowed at that trial on today.
As we stated in Varnell, supra, the trial court's discretionary authority to disallow testimony at trial should be exercised only when the ends of justice dictate exclusion of the witness. Under the facts of this case, we find that the ends of justice did not dictate the exclusion of Turner's testimony. The trial court's sanction of excluding the testimony of one of the drivers involved in the accident, in effect, prevented defendants from presenting their case. We find that the trial court abused its discretion in excluding the witness' testimony. Accordingly, we reverse the trial court's ruling and remand this case for a new trial. Because we remand for a new trial, we decline to address the appellant's remaining assignments of error.

CONCLUSION
For the foregoing reasons, the trial court's judgment is reversed and this case is remanded for a new trial. The costs of this appeal are assessed one-half to defendants, Sonia Amos and Direct General, and one-half to plaintiff, Linda Richardson.
REVERSED AND REMANDED.
NOTES
[1] Officer D.A. Emfimger of the Monroe Police Department responded to the accident. He was subpoenaed to testify at trial but did not appear. Amos did not appear, so the matter proceeded to trial with Direct General as the sole defendant present.
[2] It was shown that the plaintiffs had taken the recorded statement of one of the witnesses and had deposed and subpoenaed another witness prior to trial. It was also shown that the plaintiffs had received a report from another witness and had been informed by letter of the existence of the other potential witness.
[3] Direct General was served with the requests for discovery when it was served with the pleadings. However, according to statements made by defense counsel, the discovery requests were apparently not forwarded to him by his client when it forwarded a copy of the petition for damages.
[4] It is interesting to note that plaintiff did not initially answer requests for discovery propounded by defendants. It was only after defendants filed a motion to compel discovery that plaintiff answered defendants' discovery requests.