*467
 
 CLARENCE E. McMANUS, Judge.
 

 12Pefendant, Lafayette Insurance Company, appeals from a trial court judgment finding that it violated LSA-C.C.P. art. 863 and 1471 and awarding to plaintiff sanctions of $60,000. We affirm the decision of the trial court.
 

 This is defendant’s second appeal. The events that led to this appeal were set forth in our prior opinion,
 
 Dufrene v. Gautreau Family, LLC,
 
 07-467 (La.App. 5 Cir. 2/22/08), 980 So.2d 68, 72-73,
 
 writ denied,
 
 08-0629 (La.5/9/08), 980 So.2d 694, and 08-0628 (La.5/9/08), 980 So.2d 698, as follows:
 

 Plaintiff, Michelle Dufrene Lassley, filed suit for damages on May 21, 2002, for injuries received when she fell in a stairway in Independence Mall, 4241 Veterans Blvd, Metairie, LA. Named as defendants in this suit were Gautreau Family, LLC (“Gautreau”), owner of the property; SRSA Gulf South Management. Inc. (“Gulf South”), responsible for the management and maintenance of the property; and United Fire and Casualty Co. (“United Fire/Lafayette”), Commercial General Liability insurance carrier for Gautreau Family, LLC.
 
 [1]
 
 After a four day trial on the merits, the jury found that the stairway contained a defect which presented an unreasonable risk of harm, and that defendants knew or should have known of the defect, that the defect contributed to plaintiffs accident, and that the accident caused plaintiffs injuries. The jury further found that plaintiff was 10% at fault in the cause of the accident. The jury awarded damages totaling $3,206,000.00. The jury verdict was made the judgment of the court. After the denial of defendants’ motion for JNOV/remittitur on December 21, 2006, defendants appealed.
 

 After the trial court granted defendants’ motion for appeal, plaintiff filed two motions for sanctions against United Fire/Lafayette. These motions alleged that defendants Gulf South and United Fire/Lafayette |sfailed to identify and/or produce two applicable insurance policies until after trial, and only after the jury had returned a verdict in excess of the only insurance policy that had been produced. The first motion sought sanctions pursuant to C.C.P. arts. 863 and 1471 for discovery abuses. The second motion sought penalties pursuant to LSA-R.S. 22:1220. The trial court rendered judgment on plaintiffs motion for sanctions pursuant to R.S. 22:1220. In the judgment, the trial court imposed sanctions of $10,000.00 against United Fire/Lafayette for its failure to produce the two policies. Defendants appealed from the award of sanctions.
 

 Both the damage award and the award for sanctions pursuant to LSA-R.S. 22:1220
 
 [2]
 
 were affirmed by this court on appeal. The record indicates that both of these judgments have been satisfied.
 

 On September 22, 2008, the court heard plaintiff’s motion for sanctions pursuant to LSA-C.C.P. art. 863 and 1471. The court granted the motion and awarded sanctions of $60,000.00, plus costs of the motion. In
 
 *468
 
 oral reasons for judgment, the court said United Fire and Casualty knew about the policies, and should have but failed to produce them in discovery in a timely manner. It is this judgment that is currently on appeal.
 

 At the time of the accident, Gautreau (the owner) was insured by United Fire and Casualty Co. under a GCL liability policy that also provided coverage for SRSA Gulf South (property manager) (hereinafter “Gulf South”). In addition Gulf South was insured by Lafayette Insurance Company, a subsidiary of United Fire, under both a GLC policy and an excess umbrella policy. United Fire/Lafayette contends that when Gautreaux first notified it of plaintiffs claim, it determined that Gulf South was a named insured under Gautreaux’s policy and therefore no claim filed was ever opened for Gulf South under its own coverage polices. United Fire/Lafayette contends that the discovery requests were issued to Gautreaux and itself only, and not to Gulf South. During pretrial settlement negotiations, when it Lbecame apparent that liability exposure could be in excess of the $1,000,000.00 policy limit, Gulf South submitted a claim for its own defense, and sought indemnity under its own policy. Near or at the end of trial, United Fire/Lafayette supplemented the prior discovery request to furnish the Gulf South liability policies to plaintiff.
 

 On appeal, defendant first alleges that the trial court erred in imposing sanctions pursuant to LSA-C.C.P. art. 863 and 1471 because it had already imposed sanctions pursuant to LSA-R.S. 22:1220. It argues that LSA-R.S. 22:1220 and LSA-C.C.P. art. 863 and 1471 address the same conduct and that LSA-R.S. 22:1220, as the more specific statute, applies to the exclusion of LSA-C.C.P. art. 863 and 1471.
 

 The rules of statutory construction were set out by the Louisiana Supreme Court in
 
 LAGC v. LA. Dept. of Agr. and Forestry,
 
 05-0131 (La.2/22/06), 924 So.2d 90, 97-98, as follows:
 

 “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9. “When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.” La. C.C. art. 10. “Laws on the same subject matter must be interpreted in reference to each other.” La. C.C. art. 13. Further, “[wjhen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.” La. R.S. 1:4. Finally, the rules of statutory construction provide that, where two (or more) statutes deal with the same subject matter, they should be harmonized if possible; but, that, if there is a conflict, that statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.
 
 Esteve v. Allstate Ins. Co.,
 
 351 So.2d 117 (La.1977);
 
 State v. Maduell,
 
 326 So.2d 820 (La.1976);
 
 Teachers’ Retirement System of Louisiana v. Vial,
 
 317 So.2d 179 (La.1975).
 

 LSA-R.S. 22:1220 provides penalties for an insurer’s breach of its duty of good faith and fair dealing, evidenced in this case by its actions which suggested |fithat the insurance coverage afforded to plaintiffs claim was much lower that it actually was (and which had the potential to affect the plaintiffs trial strategy.) LSA-C.C.P. art. 863 provides sanctions for misrepresentations of law or fact, or assertions in bad faith, made by a party or attorney in pleadings. In addition, the plaintiff cites
 
 *469
 
 C.C.P. art 1471, relative to failure to comply with orders compelling discovery.
 

 Therefore, while R.S. 22:1220 penalizes an insurer’s failure to deal fairly with its claimants, C.C.P. art. 863 penalizes any party’s actions in its litigation conduct, in the filing of its pleadings and discovery responses. We find that the two statutes do not deal with the same subject matter, and do not address the same issues.
 

 Next, defendant alleges that the trial court erred in finding a violation of 863 and 1471, because it was not in bad faith, and because plaintiffs proved no damages as a result. Under article 863 there is an affirmative duty imposed on attorneys and litigants to make an objectively reasonable inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry.
 
 Sternberg v. Sternberg,
 
 97-101 (La.App. 5 Cir. 5/28/97), 695 So.2d 1068, 1071,
 
 writ denied,
 
 97-1737 (La.10/13/97), 703 So.2d 618. Among the factors to be considered in imposing sanctions for a party’s failure to comply with a discovery request are the prejudice to the other party and the willfulness of the noncomplying party.
 
 Richardson v. Amos,
 
 42,948 (La.App. 2 Cir. 3/19/08), 978 So.2d 1184, 1187, citing
 
 Horton v. McCary,
 
 93-2315 (La.4/11/94), 635 So.2d 199;
 

 A trial court’s imposition of sanctions pursuant to LSA-C.C.P. art. 863 will not be reversed unless clearly wrong or manifestly erroneous.
 
 Thibodeaux v. Billiott,
 
 04-1308 (La.App. 5 Cir. 3/1/05), 900 So.2d 110, 113. In this case, the trial court found that Lafayette knew of the claims against both Gautreaux and Gulf ]nSouth and knew it had issued policies covering both parties, and that it failed to name all relevant policies in discovery. In fact, it did not name the additional policies until the end of the trial. The court further found that this behavior was serious and warranted the imposition of sanctions. Lafayette defended its actions by stating that only Gautreaux had filed a claim, thus a claims file was only opened on the policy issued by Gautreaux, and that this was standard industry practice. However, Lafayette knew of the claims against Gulf South as it was providing a defense to Gulf South. Based on our review of the record, we cannot say that the trial court was manifestly erroneous in its determination that Lafayette’s conduct in failing to reveal the insurance policies it issued to Gulf South in response to discovery warranted sanctions.
 

 Appellant further argues that the award of $60,000.00 was excessive. Once the court determines that sanctions are appropriate the trial court has considerable discretion as to the type and severity of sanctions to be imposed.
 
 Alombro v. Alfortish,
 
 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, 1169-1170,
 
 writ denied,
 
 03-1947 (La.10/31/03), 857 So.2d 486, citing
 
 Armond v. Fowler,
 
 96-398 (La.App. 5 Cir. 11/26/96), 694 So.2d 358, 361. In our review of the record, we find no error in the trial court’s assessment of sanctions.
 

 Finally, in brief to this Court, plaintiff alleges that she should be awarded attorney fees for this appeal. Because no appeal, or answer to the appeal filed by Lafayette, was filed by plaintiff, this Court cannot consider that request. LSA-C.C.P. art. 2133.
 

 For the above discussed reasons, the trial court’s ruling assessing penalties of $60,000.00 is affirmed. All costs are assessed against defendant/appellant, Lafayette Insurance Company.
 

 AFFIRMED.
 

 [1]
 

 . Lafayette Insurance Company was the named defendant in plaintiff’s petition. United Fire and Casualty Co., Gautreau's insurer, answered the petition and defended both Gautreau and Gulf South. Lafayette Insurance Company is a subsidiary of United Fire, and had issued two liability policies for Gulf South. As United Fire provides coverage by its own policy and through policies issued by its subsidiary Lafayette Insurance Company, these defendants will be referred to as United Fire/Lafayette.
 

 [2]
 

 . LSA-R.S. 22:1220 was re-enacted as LSA-R.S. 22:1973 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009.Re number change